McQuarry v. Geyer.

A. L. McQUARRY, Appellant, v. J. C. GEYER, Garnishee of LAURA DUFF, Respondent.

St. Louis Court of Appeals, March 20, 1894.

1. **Practice, Appellate**: TRIAL WITHOUT INSTRUCTIONS OR EXCEPTIONS TO RULINGS ON EVIDENCE. When no instructions are asked or given in an action at law and no exceptions are preserved to rulings on the evidence, the judgment must be affirmed on appeal, if it can be sustained upon any theory of law applicable to the facts developed on the trial.

2. **Garnishment**: FUNDS PAYABLE TO DEFENDANT CONDITIONALLY. In the absence of fraud, a garnishing creditor occupies no better position towards the garnishee than does the defendant. Accordingly, funds of the defendant in ·his hands, which are held by him as an indemnity against an outstanding claim, are not subject to garnishment.

3. ————: ALLOWANCE TO GARNISHEE IN THIS COURT. On proper motion by a garnishee this court will, in affirming a judgment in his favor, make an allowance to him for outlays and counsel fees growing out of the appeal.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Anthony & Wheeler* for appellant.

*O. L. Cravens* for respondent.

BOND, J.—The respondent, J. C. Geyer, was duly summoned as garnishee on two executions issued from the circuit court of Newton county. One of said executions was issued upon the transcript of a judgment rendered by a justice of the peace for the sum of $29.50, debt and damages, and $11.10 costs. The other was an execution for costs in said circuit court amounting to $7.80. Both executions were in favor of A. L. McQuarry and against Laura Duff.

In response to interrogatories filed by appellant, the garnishee answered, denying any indebtedness at the time of the garnishment, or since, to said Laura Duff, and denying that at the time of said garnishment, or since, he had any money, property or effects belonging to said Laura Duff, and further answering, to wit: "That on the twenty-first day of January, 1893, he was employed and requested by E. Walsh, trustee of Elizabeth Jarrod, to make up the papers in a loan which the said Elizabeth Jarrod was about to make to said Laura Duff, and also to examine the title to certain real estate which said Laura Duff had offered as security for said loan. That, pursuant to said employment request (*sic*), he made out a promissory note for $500 and a deed of trust from said Laura Duff in favor of said Edward Walsh, trustee for Elizabeth Jarrod, upon certain real estate to secure the loan. He also examined the title to said real estate, and, in the course of such examination, found of record in the office of the clerk of the circuit court of Newton county, Missouri, a transcript judgment in favor of A. L. McQuarry and against said Laura Duff, and

it appeared from the record of said transcript that it would require to pay off said judgment and costs $44.30. That this garnishee, acting in the line of his employment to investigate the title of the premises offered as security for said $500 loan, advised said E. Walsh and Elizabeth Jarrod that said transcript judgment should be satisfied before the entire amount be paid to said Laura Duff. That it was then claimed by said Laura Duff that the transcript judgment was a nullity, and that it was no lien on said premises on that account, and she demanded the full amount of said $500. With a view to protecting the interests of the clients he represented, and to avoid possible complications arising to prejudice the security of said loan, and as agent for the said Elizabeth Jarrod, the said garnishee paid over to said Laura Duff the sum of $455.70 for the consideration of which she executed the said note and deed of trust, and retained the said sum of $44.30 above mentioned. That the said sum of $44.30 is still in the possession of the garnishee, subject to be paid over to said Laura Duff when she produces evidence of the payment of said transcript judgment, and until such time the said garnishee holds the same for E. Walsh and Elizabeth Jarrod for the express purpose of protecting their interests."

To this answer appellant filed a denial, the material part of which is as follows: "Plaintiff states that Laura Duff executed her note to Elizabeth Jarrod for the sum of $500, secured by a deed of trust on certain real estate, and that said Elizabeth Jarrod delivered to said garnishee the sum of $500 to be paid to said Laura Duff according to her contract with said Laura Duff; that said note and deed of trust were executed and delivered before the said sum of $44.30 was held back, and said Laura Duff did not execute her said promissory note

for $455.70, and that sum was not the consideration for
which she did execute said $500 note and deed of trust
securing the same; that the said garnishee was author-
ized and required to satisfy said transcript judgment
without waiting for said Laura Duff to satisfy same,
and in any event is liable to plaintiff (*sic*) amount so
confessed to be in his hands for the purpose of satisfy-
ing plaintiff's judgment against said Laura Duff; that
said Laura Duff has instituted no proceedings to nullify
plaintiff's said judgments, and they are of full force
and effect; that she makes claim to said money now
in the hands of the garnishee, and is now liable on her
note for $500, which is drawing interest and which note
includes the sum of $44.30 now in the hands of said
garnishee, and said defendant (garnishee) ought not to
be allowed to hold back her money; that he has that
amount of her money now in his possession, and that
the same is liable to plaintiff's claim, and said gar-
nishee should be adjudged to pay the same in satisfac-
tion of the executions upon which said garnishee
was summoned to answer; that said executions were
issued upon the judgments that said garnishee, in his
answer, says he was to pay.

"Plaintiff, therefore, says said garnishee ought not
to be allowed to retain said sum in his hands, and
plaintiff asks judgment against him for said sum with
interest and costs of suit."

The cause was tried by the court, neither party re-
quiring a jury. The one witness introduced, J. C.
Geyer, the garnishee, testified that he was employed by
E. Walsh, trustee for Mrs. Jarrod, to prepare the
papers for the loan of $500 to Laura Duff; that he did
so, and Laura Duff gave her note for that sum, and
executed a deed of trust to secure the same; that, before
the delivery of the note, he discovered the existence of
appellant's judgments; that the note and deed of trust

were afterwards delivered to his client, and Mrs. Duff received therefor the amount of the note, less $44.30, which was retained by the garnishee; that Mrs. Duff disputed the validity of appellant's judgments, and this sum, to wit, $44.30, was left in his hands as agent for Mrs. Jarrod and Mr. Walsh, her trustee, under instructions to "pay it over to Mrs. Duff, when she produced evidence of payment of the McQuarry judgment;" that the matter was talked over in the presence of the garnishee and Mrs. Duff and Mr. Walsh; that it was intended as a security for Mrs. Jarrod, Mrs. Duff claiming that the judgment should not be paid; and that Mrs. Jarrod's trustee would not consent to let the full amount of the money go, unless the lien was removed from the land, and that it was agreed that the garnishee should hold the money until the matter was settled. The garnishee further testified, to wit:

"*Q.* Was it not understood that, if she did not take means to settle the judgment, the money was to be applied for that purpose? *A.* I suppose so.

"*Q.* You say that Mrs. Duff agreed that the money should be left with you? *A.* They agreed that among themselves.

"*Q.* Suppose she should not have agreed? *A.* The loan would not have been made.

"*Q.* You would have advised Mr. Walsh not to have made the loan then? *A.* Yes sir.

"*Q.* Was it left for McQuarry or Walsh or Jarrod? *A.* As far as I was concerned, for Mr. Walsh, until considered safe to pay it over immediately to Laura Duff when the lien was removed.

"*Q.* What did Mrs. Duff say she intended to do with reference to the judgment at the time? *A.* I don't think Mrs. Duff understood exactly. She was relying upon her attorneys.

"*Q.* I will get you to state if she did not expressly

tell you not to pay over that money to satisfy that judgment? *A*. I don't remember that she gave express instructions in regard to it."

Re-examination of J. C. Geyer: "*Q*. I understood you to say awhile ago she expressly consented to it? *A*. Yes sir, to secure Mrs. Jarrod.

"*Q*. In your answer you stated she demanded the amount of $500, and you advised your clients not to pay it? *A*. Yes sir."

The court thereupon rendered judgment in favor of the garnishee and discharged him. After the overruling of his motions for a new trial, and in arrest of judgment, appellant took an appeal to this court.

No declarations of law were given on the trial in the court below, and no exceptions were preserved as to the admission or rejection of evidence. It follows, therefore, that, if the judgment of the lower court can be sustained upon any theory of law applicable to the facts developed on the trial, it must be affirmed.

It may be conceded, as urged by appellant, that the issues in garnishment proceedings are made up, not by interrogatories and answer, but by the denial and reply. R. S. 1889, sec. 5234. *Brown v. Gummersell*, 30 Mo. App. 345. And it may also be conceded that these pleadings raised the issue as to whether or not the garnishee should employ the $44.30 retained in his hands to pay off and discharge the judgments in appellant's favor against said Laura Duff. The difficulty is, however, as admitted by appellant, that the evidence sustaining appellant's theory of this issue is not "clear and definite." On the contrary there is substantial evidence that this sum was retained by the garnishee for the indemnity of Mrs. Jarrod, and that it was only to be paid over to Mrs. Duff when she produced evidence of payment of the McQuarry (appellant's) judgment, which judgment Mrs. Duff claimed was invalid. As

that condition has not happened, Mrs. Duff is not enti-
tled to this money; neither is her garnishing creditor,
who stands in no better attitude to collect the fund
than that occupied by her, since no question of fraud is
involved in the transaction. *McPherson v. Railroad*,
66 Mo. 103. *Scales v. Southern Hotel Co.*, 37 Mo. 524.

Respondent has filed a motion in this case for an
allowance as garnishee under sections 5219 and 5239,
of the Revised Statutes of 1889. This motion is accom-
panied with a statement of the outlays necessarily
incurred by him in defending this appeal, supported by
affidavit, to wit: $7 for printing brief and $25 counsel
fees; total, $32.00

We think the motion should be sustained. *Keat-
ing v. American Refrigerator Co.*, 32 Mo. App. 297. It is,
therefore, ordered that the judgment herein be affirmed,
and that respondent recover an allowance for $32 as
garnishee herein. It is so ordered. All concur.