CARL E. ANDERSON *vs.* AMERICAN AUTOMOBILE INSUR-
ANCE CO.

APRIL 7, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J. This action is debt on judgment. Questions of law arising in the Superior Court on the plaintiff's demurrer to the defendant's twelfth plea have been certified to this court for determination. (G. L. 1923, C. 348, sec. 5). The questions are as follows: (1) In an action of debt on judgment by an injured person against an insurer do the provisions of Section 7, of Chapter 258 of the General Laws of 1923 render void and inoperative a provision in the policy of insurance that it insures only against direct loss or expense to the insured? (2) In an action of debt on judgment by an injured person against an insurer do the provisions of Section 7 of Chapter 258 of the General Laws of 1923 take away from the insurer the defense that it is only liable to the extent that the insured has first suffered a direct loss or expense as provided for in the policy of insurance?

Plaintiff was struck by an automobile owned by one Henry C. Miller and operated by one Herbert C. Wilcox. At the time of the accident there was an existing policy of indemnity insurance for $10,000 issued by defendant insurance company to Henry C. Miller, the named assured.

For the purpose of the questions certified, defendant admits that Wilcox is one of the assured under the policy.

After the opinion of this court in *Anderson* v. *Miller* (142 A. 616) was rendered, plaintiff brought an action for negligence against Wilcox by a writ of arrest dated June 23, 1928. Wilcox submitted to judgment August 6, 1928 and judgment was entered for the plaintiff for the amount of the *ad damnum* in the writ, $50,000. August 16, 1928, Wilcox filed a petition in bankruptcy in the United States District Court for the District of Rhode Island and was discharged from the arrest upon the original writ.

The declaration alleges that on the day of the accident, December 4, 1926, Henry C. Miller was insured by the defendant company against automobile accident liability and that the terms of the policy included any one who was operating the automobile described in the policy with the permission of the named assured; that the plaintiff obtained a judgment against Wilcox, who was operating the automobile by permission of Miller, for damages caused by the negligent operation of the automobile which judgment remains in full force and effect, and plaintiff brings this action against defendant under Sec. 7, C. 258, G. L. 1923, to recover $10,000, the amount of the policy. The policy in question insured only against direct loss or expense arising or resulting from claims for damages by reason of the ownership or the maintenance of said automobile. Defendant in its plea avers that Wilcox has not nor has Miller suffered any direct loss or expense against which said policy insures. These facts are admitted by the demurrer.

Plaintiff admits that defendant is not liable under the terms of the policy. He claims, however, that the nonaction clause in the policy is inoperative and void by reason of the provisions of Section 7, C. 258, G. L. 1923. Liability insurance is of comparatively recent origin in this country and when first introduced it extended only to injuries to employees of the insured. Its growth has been rapid and many and various are the risks now covered by this branch of the

insurance business. 36 C. J. 1056; *Employers' Liability Assurance Corp.* v. *Merrill*, 155 Mass. 404.

A policy of liability insurance is usually an indemnity policy which insures against loss or damage, or a liability policy which insures against liability for loss or damage. The first statutory provisions in this State with respect to liability insurance are found in Section 9, Chapter 1268, Public Laws 1915. The Workmen's Compensation Act of 1912 had made no provisions for compulsory insurance for the payment of compensation by the employer. Chapter 1268, in 1915, strengthened the Workmen's Compensation Act and required the employer to carry insurance against liability to pay compensation to an injured employee or in the alternative to establish his financial ability to pay such compensation or to furnish security or indemnity guaranteeing its payment; it further provided that the insurer should be directly liable for compensation to the injured party and that the insurer might be joined as defendant in a suit against the insured. Chapter 2094, Public Laws 1921 (now section 7, C. 258, G. L. 1923) provides that every policy insuring against liability for property damage or personal injury or both, other than payment of compensation under the Workmen's Compensation Act, shall contain provisions that the insurer shall be directly liable to the injured party; the insurer shall not be joined as a defendant in a suit against the insured; that if the officer serving process against the insured shall return said process *non est inventus*, the injured party may proceed directly against the insurer and, after judgment obtained against the insured alone, the party entitled to sue may proceed on said judgment in a separate action against the insurer and that all policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions thereof, and all provisions of such policies inconsistent therewith shall be void. The prohibition of the joinder of the insured and insurer in one action is intended to avoid any prejudice to the rights of the insurer.

In the recent case of *Miller* v. *The Met. Cas. Ins. Co. of N. Y.*, 50 R. I. 166, the action was debt on judgment. Plaintiff recovered judgment by default in an action for negligence against the named assured in a policy of indemnity insurance issued by the defendant insurance company. After a return of *non est inventus* on the execution and a refusal of the insurer to pay the judgment, an action was brought against the insurer under G. L. 1923, C. 258, sec. 7. In construing Section 7, Chapter 258, this court decided that it was not the intent of the legislature by this statute to impose for the benefit of an injured person a new and enlarged basis of indemnity not contracted for by the insurer and that any recovery by such injured person must be founded on the contractual rights created by the policy.

The right of direct action against the insurer is given by the statute in certain circumstances. In this respect the statute is remedial but there is no attempt or intent to prescribe the essential character of insurance policies or to prohibit indemnity insurance. The injured person takes through the insured and only such rights as the insured has. The State does not require compulsory insurance by owners and operators of motor vehicles. Chapter 1429, Public Laws 1929, requires insurance against accident by motor vehicles, or evidence of the operator's financial ability, only after a motor vehicle is involved in an accident and injury to person or property has resulted therefrom, and the operator thereof, after investigation by the State Board of Public Roads, has been found guilty of violation of the motor vehicle laws.

In the case at bar neither the owner nor the operator of the automobile was required to carry any accident insurance. Indemnity and liability insurance are legal and common forms of insurance. One form of insurance is of greater advantage to an injured person than the other; but so long as freedom of contract in insurance is not forbidden, one, not a party to the contract, can not avoid its lawful provisions. For the reasons stated we answer both questions in the negative.

The papers in the case with our decision certified thereon are ordered sent back to the Superior Court for further proceedings.

*William A. Gunning*, for plaintiff.

*Patrick P. Curran, Hoyt W. Lark, Curran, Hart, Gainer & Carr*, for defendant.