No. 16,883.

TRADERS AND GENERAL INSURANCE COMPANY *v.* PIONEER MUTUAL COMPENSATION COMPANY ET AL.
(258 P. [2d] 776)

Decided June 1, 1953.

Messrs. McComb & Zarlengo, for plaintiff in error.

Mr. George F. Harsh, Mr. T. R. Harrington, Mr. Jack W. Hosford, for defendants in error.

*En Banc.*

Mr. Chief Justice Stone delivered the opinion of the court.

Hale sued Shaver for damages resulting from a motor car collision. On the date set for trial, it was stipulated by and among the parties to that suit and the Traders and General Insurance Company and Pioneer Mutual Compensation Company, the parties now before us, that judgment enter in the pending suit in the sum of $3,000.00, each party to pay his own costs. It was further stipulated that defendant Shaver had a policy of insurance issued by Traders and General Insurance Company in effect at the date of the accident and that Hochstadt Motor Sales held a garage liability policy issued by Pioneer Mutual Compensation Company in effect at the date of the accident; that the issue of liability of said insurers under said policies be set for hearing; that both insurers waive notice of hearing, and that the court hear and determine upon depositions theretofore taken, and further evidence if tendered, as under Rule 69, Colorado Rules of Civil Procedure, which of said insurers was liable for payment of said judgment, or whether it should be prorated between them. The stipulation was dictated into the record in the pending action.

Thereafter the issue of liability between said insurers came on for hearing to the court, both insurers appearing by counsel and participating therein. Upon the stipulated facts, supplemented by further testimony, the trial court found the Traders and General Insurance Company liable for $3,000.00, the full amount of the

judgment, then entered its findings and order entitled in the cause, dispensed with motion for new trial, and gave sixty days to file reporter's transcript.

The Traders and General Insurance Company appears here as plaintiff in error, and will hereafter be referred to as Traders; the defendant in error, Pioneer Mutual Compensation Company, will be referred to as Pioneer, and Hochstadt Motor Sales as Hochstadt.

It first is contended by Pioneer that since neither it nor Traders was a party to the action, the stipulation between them constituted an agreement for arbitration; that the decision of an arbitrater is final as to both law and fact, and that it will not be reviewed or set aside for mistake in either.

■ The stipulation made herein specifically provided "for hearing in accordance with Rule 69 of the Colorado Rules of Civil Procedure." Such hearing was to be in the pending action and by the court. Rule 69 (e) provides: "At any time when execution may issue on a judgment, upon proof to the satisfaction of the court, by affidavit or otherwise, that any person or corporation has property of the judgment debtor or is indebted to him in an amount exceeding fifty dollars not exempt from execution, the court may order such person * * * to appear before the court or master at a specified time and place and answer concerning the same." Rule 69 (f) provides that the court may order any property due to the judgment debtor to be applied to the satisfaction of the judgment. Plainly the stipulation here in effect was one of waiver of notice and affidavit or other showing of indebtedness and of consent to the determination of the obligation of the two insurers pursuant to said rule. Such determination, on consent of the parties, was within the jurisdiction of the court in the pending proceeding (*Powley v. Dorland Bldg. Co., Inc.*, 281 N. Y. 423, 24 N. E. (2d) 109), and the order therein was subject to review here.

Shaver, defendant below, was the owner of a Buick

automobile insured under a policy issued by Traders. Shaver's policy provided, in addition to coverage on his Buick automobile, indemnification of the insured against bodily injury and property damage liability arising out of the operation of other automobiles. It is not contended by Traders that their policy does not cover the situation here. There is, however, a provision in Trader's policy that coverage in the operation of automobiles other than the one described in the policy is excess coverage applicable only after other insurance that may be available to the insured is exhausted.

At the time of the accident, Shaver was driving a Ford automobile owned by Hochstadt, with its express permission. The Pioneer garage liability policy held by Hochstadt at the time of the accident provided: "Any insurance provided by this policy for bodily injury liability or property damage liability with respect to any automobile owned by the named insured *shall conform to the provisions of the motor vehicle financial responsibility law of any state* or province which shall be applicable with respect to any such liability arising from the use of such automobile during the policy period * * * ." (Italics ours.)

Section 56, chapter 16, '35 C.S.A., in effect at the time of the accident, required that a liability policy, such as that purchased by Hochstadt from Pioneer, should contain a provision, which is referred to as the omnibus clause, that, "said policy shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or motor vehicles with the express or implied permission of said insured." Pioneer agrees that the requirement of such a statute becomes a part of an insurance contract to which it is applicable (*Universal Indemnity Insurance Company v. Tenery*, 96 Colo. 10, 39 P. (2d) 776), but asserts that Pioneer's policy was excepted from the statute by virtue of section 60 (b) of said chapter, which reads: "This article shall not be held to apply to or af-

fect policies insuring solely the insured named in the policy against liability resulting from the maintenance, operation, or use by persons in the insured's employ or in his behalf of motor vehicles not owned by the insured." However, the Hochstadt policy does not insure the named insured solely against liability from the maintenance, operation or use of motor vehicles *not owned by the insured.* Rather, it covers the ownership, maintenance or use of *any automobile for any purpose* in connection with the operation therein defined, and also for pleasure use, and the Ford being driven by Shaver at the time of the accident was owned by Hochstadt. Patently said provision does not except Hochstadt's Pioneer policy from the statutory inclusion of the omnibus clause.

If it be urged that the quoted provision of section 56 is not applicable, for the reason that it applies only with respect to policies offered as proof of financial responsibility by a judgment debtor as a condition of procuring a drivers license, and so would not be applicable here where no such situation existed, we think such narrow interpretation of the statute is not tenable. Section 57 of said chapter provides in substance that no such motor vehicle policy or operators policy shall thereafter be issued in this state unless it contains certain requirements including the approval of the commissioner of insurance and that they shall be approved in case of complying with certain specified requirements, including an "Agreement that the insurance thereunder is provided in accordance with the coverage defined in this article as respects bodily injury and death or property damage, or both * * *." We think the above quoted provision of the Hochstadt Pioneer policy as to conformity with the provisions of the motor vehicle responsibilty law of any state is intended to be, and in effect is, such an agreement as required by section 57, supra, and therefore the policy insured Shaver in his use of the Hochstadt car. Under an almost identical statute, a

similar garage liability policy was held to insure one similarly using a vehicle with permission in *Landis v. New Amsterdam Casualty Co.,* 347 Ill. App. 560, 107 N.E. (2d) 187.

Pioneer was obligated on behalf of Shaver to pay the amount of Hale's judgment against him. Since the Trader policy on Shaver's Buick was excess coverage applicable only after other insurance that might be available to the insured was exhausted, and the Pioneer policy was available to Shaver in the sum of $5,000.00, an amount greater than the $3,000.00 judgment entered against him, there was no obligation under the Trader policy.

The order of the trial court is reversed and case remanded with instruction to order Pioneer Mutual Compensation Company to apply so much of said $5,000.00 insurance protection as may be necessary to satisfy the judgment and costs against Shaver in the original action.