233 F.2d 500
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Mrs. Lena H. COOPER, Appellee.
In the Matter of Mrs. Lena H. COOPER, Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Jesse C.
Cooper, Defendants.
 No. 7158.
 United States Court of Appeals Fourth Circuit.
 Argued April 20, 1956.
Decided May 14, 1956.
 
 E. W. Mullins and P. H. Nelson, Columbia, S.C. (Nelson, Mullins & Grier, Columbia, S.C., and J. B. Browder, Richmond, Va., on the brief), for appellant.
 B. E. Nicholson, Edgefield, S.C. (Lybrand, Simons & Smith, Aiken, S.C., on the brief), for appellee.
 Before SOPER and DOBIE, Circuit Judges, and HARRY E. WATKINS, District judge.
 SOPER, Circuit Judge.
 
 
 1
 This suit was brought by Lena H. Cooper to recover from State Farm Mutual Automobile Insurance Company the amount of a judgment in the sum of $5,000.00 which she had recovered against Jesse C. Cooper, her husband, in the Court of Common Pleas for Edgefield County, South Carolina, for injuries suffered by her as a result of an accident to his automobile while she was riding with him as a guest. The District Judge in the court below gave judgment for the plaintiff and this appeal followed.
 
 
 2
 Jesse C. Cooper was the holder of an automobile liability policy covering the car, which had been issued by the insurance company, and accordingly he called upon it to defend his wife's suit in the State Court. The company however denied all liability and refused to defend the suit because the policy, under the head of 'Exclusions', expressly provided that it should not cover any obligation of the insured to pay damages to any member of his family residing in the same household with him because of bodily injury caused by accident and arising out of the use of the automobile.
 
 
 3
 The present suit is based in large part upon the theory that the exclusion clause of the policy above referred to was of no effect because the policy was issued after the passage of the Motor Vehicle Safety Responsibility Act of South Carolina, §§ 46-701 to 46-750.33 of the South Carolina Code of 1952, which provides in § 46-750.26(1) that the liability of the insurance carrier under a motor vehicle liability policy required by the statute shall become absolute whenever injury or damage covered by the policy occurs.
 
 
 4
 The Policy holder bases this contention on condition 6 of the policy in suit, which provides in substance that such insurance as is afforded by the policy for bodily injury liability shall comply with the provisions of the motor vehicle financial responsibility law of any state, which shall be applicable, with respect to such liability arising out of the ownership or use of the automobile during the policy period. It is said that the effect of this language is to read into the contract of insurance all the terms of the South Carolina statute and to cancel out the exclusion of the policy relating to members of the family of the insured. In this connection, the insured also refers to condition 20 of the policy which provides that terms of the policy which are in conflict with the statutes of the State wherein the policy is issued are amended to conform to such statutes.
 
 
 5
 The critical inquiry is the applicability of the South Carolina statute to the undisputed facts of the case. Condition 6 of the policy merely provides that the contract of insurance shall comply with the statute when the statute is applicable. We think the statute is not applicable under the prevailing decisions of the Supreme Court of South Carolina and of this Court. The controlling circumstance is that the policy was taken out voluntarily prior to the occurrence of the accident and was not procured thereafter under the compulsions of the statute. There is no general law of the State of South Carolina which requires all owners and operators of motor cars to carry liability insurance and the statute under consideration does not come into play until the owner or operator has been involved in an accident and has been called upon to deposit security to satisfy any judgment against him for damages resulting from the accident under § 46-727 in the Act. Even then the Act does not apply, under the provisions of § 46-728, to an owner or operator if the owner had in effect at the time of the accident an automobile liability policy with respect to the motor vehicle involved.
 
 
 6
 The Act does provide, under certain conditions, for proof of financial responsibility in the future and one method of giving such proof under § 46-750.4 and § 46-750.5 is to furnish to the State Highway Department a certificate of an insurance carrier that there is in effect a motor vehicle liability policy for the benefit of the owner of the car. The required provisions for such a policy, which impose broad liability upon the insurance carrier, are set out in § 46-750.26; but this section relates only to policies certified under the Act and does not apply to voluntary policies taken out prior to the occurrence of an accident.
 
 
 7
 We had the same question before us in Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793, where the contention was made that the exclusion of intentional injury from the coverage of a policy was nullified by the very similar financial responsibility statute of the State of Virginia. We held that the statute did not apply to a voluntary policy taken out prior to an accident, and our decision was cited with approval by the Supreme Court of South Carolina in Barkley v. International Mut. Ins. Co., 227 S.C. 38, 86 S.E.2d 602, 605, where the injured party also insisted that the liability of the insurance company was governed by the statute and not by the restrictions of a voluntary policy. In over-ruling this contention, the Court said:
 
 
 8
 'The State of Alabama has a similar statute, Code 1940, Tit. 36, § 74(42) et seq. Neither the statute in Alabama or South Carolina requires a person to carry insurance. Until one has an accident, either in South Carolina or Alabama, he can operate a motor vehicle without liability insurance. It is only after an accident that one must furnish proof of financial responsibility or secure a liability policy to cover accidents in the future. The brief of appellant concedes that 'both the Alabama Act and the South Carolina Act are in connection with a policy of insurance to be furnished by one required to show proof of financial responsibility under the Act.'
 
 
 9
 'The policy in question was not issued and certified as proof of financial responsibility in accordance with the Act, but was a voluntary policy. In other words, the insured was not required by either the law of South Carolina or Alabama to secure the policy in question, but, in so far as this record shows, voluntarily did so. Since the policy was not issued pursuant to the Act, the parties were free to enter into it without the compulsions imposed by that law. As stated in Farm Bureau Mutual Auto Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793, 797, in discussing the Virginia Financial Responsibility Act:
 
 
 10
 "The requirements of the statute, in short, apply only to policies certified as proof of financial responsibility in accordance with the Act. The scheme of the statute is to afford sanctions against any person whose operation of a motor vehicle has resulted in injuries to others, unless he satisfies judgments against him for damages arising from the operation of the vehicle and also proves in the manner provided by the statute that he is financially able to respond in damages for any accidental injury that may subsequently occur. This interpretation of the statute is in accordance with the general holding that financial responsibility acts somewhat similar to the Virginia statute do not apply to policies which have not been certified as proof of financial responsibility at the time of the accident.' (Citing authorities.)
 
 
 11
 'We cannot read into the insurance contract, under the guise of public policy, provisions which are not required by law and which the parties thereto clearly and plainly have failed to include.'
 
 
 12
 See also New Zealand Ins. Co. v. Holloway, D.C.W.D.La., 123 F.Supp. 642; State Farm Mut. Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16.
 
 
 13
 An additional contention in support of the judgment of the District Court is readily disposed of. It is said that the insurance company is estopped to base its defense on the exclusion in the contract because of a representation as to the nature of the policy by the agent of the company who solicited the insurance. The entire testimony on the point was that of the insured who said that the agent told him that under the law of South Carolina he had to have insurance and therefore he took the policy. This evidence was objected to and should have been excluded since it was offered to modify the terms of the policy contrary to the rule which forbids contradicting the provisions of a written contract 137. v. Knickerbocker Life Ins. Co., 104 U.S. 252, 26 L.Ed. 765; Himes v. Metropolitan Life Ins. Co., 207 S.C. 420, 36 S.E.2d 1379
 
 
 14
 Even if the evidence were admissible it would not sustain the position of the insured. There is nothing to show that he was led to believe that the policy was to be so construed under the terms of the South Carolina law as to eliminate the exclusion from the contract. On the other hand, condition 16 of the policy made the express provision that the terms of the policy should not be waived or changed except by endorsement signed by an executive officer of the company, and this of itself was enough to put the insured on notice as to the extent of the agent's authority. Cauthen v. Metropolitan Life Ins. Co., 189 S.C. 356, 1 S.E.2d 147. Moreover there would still remain the well-established rule that conditions going to the coverage or scope of a policy of insurance, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action. This matter was fully considered by this Court in Peters v. Great American Ins. Co., 4 Cir., 177 F.2d 773, and by the Supreme Court of South Carolina in Keistler Co. v. Aetna Ins. Co., 124 S.C. 32, 117 S.E. 70, and need not be further discussed at this time.
 
 
 15
 The judgment of the District Court will be reversed and the case remanded with direction to dismiss the complaint.
 
 
 16
 Reversed.