Robert GABLER (Plaintiff), Respondent,

v.

CONTINENTAL CASUALTY COMPANY, a Corporation, Garnishee of George Fairchild, Defendant, Appellant.

No. 29446.

St. Louis Court of Appeals.

Missouri.

Nov. 7, 1956.

Moser, Marsalek, Carpenter, Cleary & Carter, F. X. Cleary, C. M. Kirkham, St. Louis, for appellant.

Louis Yaffe, Salkey & Jones, H. Jackson Daniel, E. D. Franey, St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from a judgment rendered against Continental Casualty Company, garnishee in a proceeding growing out of an action for damages for personal injuries sustained in an automobile collision. Garnishee issued its liability insurance policy covering automobiles owned by Hertz Driv-Ur-Self System, Inc., all subsidiary and associated corporations, and any person renting automobiles from the named insureds. Coverage A obligates the casualty company to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed by law for damages because of bodily injury caused by accident arising out of the use of the automobiles while rented by the named insured. Exclusion (b) (2) provides that the policy does not cover any liability of the renter in respect of bodily injuries sustained by any person while riding in any insured automobile. Condition 6 provides that "Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of any law, requiring or providing for the maintenance of insurance, of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance, or use during the policy period of any automobile insured hereunder, to the extent of the coverage and limits of liability required by such laws, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

On June 6, 1952, George Fairchild, a resident of Missouri, entered into a written agreement with Hertz Driv-Ur-Self Stations, Inc., in the City of St. Louis, for the rental of an automobile. On the same or next day and while the insurance policy was in full force and effect George Fairchild was operating the rented automobile for his own uses and purposes on Highway 3 in the State of Illinois. Riding with him in the automobile was one Robert Gabler.

The rented automobile collided with another motor vehicle, resulting in personal injuries to Robert Gabler, for which he brought suit in the Circuit Court of the City of St. Louis against George Fairchild and Hertz Driv-Ur-Self Stations, Inc. The casualty company did not provide a defense for George Fairchild on the ground that the policy did not cover or protect him. The cause was dismissed as to defendant Hertz Driv-Ur-Self Stations, Inc., because of lack of proof of agency. Gabler recovered a default judgment against Fairchild in the sum of $6,500. Gabler filed a request for garnishment against the casualty company. To Gabler's interrogatories garnishee answered, denying that it was bound to pay the judgment and claiming that the policy of insurance did not protect or cover Fairchild on account of injuries sustained by a passenger in the rented automobile. The issues thus framed were tried in the Circuit Court of the City of St. Louis on an agreed statement of facts, without a jury, resulting in a finding that garnishee is indebted to Fairchild to the extent of the policy limit of $5,000 plus interest, and an order directing garnishee to pay that sum into the registry of the court or suffer judgment. Garnishee filed an appropriate motion for judgment of discharge, rehearing or new trial. These motions having been overruled and judgment in favor of Gabler and against garnishee having been entered, the latter moved to set aside the judgment and for judgment dismissing and discharging the writ of garnishment or in the alternative for a rehearing or a new trial. Upon the overruling of the latter motions garnishee appealed. In this opinion Robert Gabler will be referred to as plaintiff, George Fairchild as defendant, the casualty company as garnishee, and Hertz Driv-Ur-Self Stations, Inc., as Hertz.

The ultimate question is whether the provisions of any safety responsibility law prescribing the contents of motor vehicle liability policies are necessarily incorporated in this policy, or are "applicable," by reason of the language in Condition 6.

Plaintiff asserts that the safety responsibility law of Illinois is the law to which Condition 6 refers, while garnishee maintains that the safety responsibility law of Missouri controls. We have concluded that neither safety responsibility law is applicable. The requirement of Condition 6 that the insurance afforded by the policy shall comply with the provisions of any (safety responsibility) law which "shall be applicable" means that before any such law shall control it must apply; that the policy shall comply with the statute when the statute is applicable, and conversely, if such law is not by its terms applicable Condition 6 does not affect the case and other provisions of the policy govern. McCann for Use of Osterman v. Continental Casualty Company, 1956, 8 Ill.2d 476, 134 N.E.2d 302; Travelers Ins. Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421; State Farm Mut. Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16; State Farm Mutual Automobile Ins. Co. v. Cooper, 4 Cir., 1956, 233 F.2d 500. Neither safety responsibility law is applicable for the reason that the policy of insurance was entered into by the parties prior to the occurrence of the accident, voluntarily, and not in compliance with the sanctions or compulsions of either safety responsibility law. Nor did the state in which the rental contract was made (Missouri) have any statute requiring persons engaging in the renting of motor vehicles to file a liability policy covering the liability of persons operating rented motor vehicles.[1] The safety responsibility laws of Missouri and Illinois in effect at the time in question did not require all owners or operators of motor vehicles to carry liability insurance. Under the Missouri laws then in effect there was no such compulsion

1. Compare §§ 64–66, both inclusive, Chapter 95½, R.S.Ill. (inapplicable here because (1) the rental contract was not made in Illinois, and (2) the sections specifically exclude passengers in rented vehicles).

until after there had been a suspension or revocation of a license, a conviction of certain traffic offenses, a forfeiture of bail or a failure to satisfy a judgment. The Illinois law added the security-deposit provisions, § 58l, but neither safety responsibility law was applicable in a given case unless and until its provisions had been invoked, i. e. until the operator or owner of the motor vehicle involved in an accident had either been required to make a security deposit (under § 58l of the Illinois law) or had been required to furnish proof of financial responsibility upon the order of a state official following a suspension, revocation, conviction, forfeiture or failure to satisfy judgment as above described. The laws specifying the requirements of motor vehicle liability policies, § 58k, Ch. 95½, Illinois Revised Statutes; §§ 303.210, 303.220 and 303.230 RSMo 1949, V.A.M.S., apply only to policies which have been certified in accordance with the safety responsibility law, § 58e, Ch. 95½, Illinois Revised Statutes; §§ 303.140, 303.170 RSMo 1949, V.A.M.S., and do not apply to policies voluntarily entered into between the parties prior to the occurrence of an accident.

This construction has been adopted both in Missouri and in Illinois. In Perkins v. Perkins, Mo.App., 284 S.W.2d 603, the Kansas City Court of Appeals sustained the contention of an insurance company that under the Missouri Financial Responsibility Act a policy provision almost identical with Condition 6 does not become effective until the policy has been certified by the proper state official as proof of financial responsibility in compliance with the Act. The law in Illinois was succinctly stated in McCann for Use of Osterman v. Continental Casualty Company, 1955, 6 Ill.App.2d 527, loc. cit. 533, 128 N.E.2d 624, loc. cit. 627:

> "The provisions of the Financial Responsibility Act of Illinois are not applicable unless the insured has by his previous conduct brought himself within its purview. * * * Only if his [insured's] prior conduct had been

such that he was required to make proof of financial responsibility under the Act would the provisions contained in paragraph 58k have been of necessity, under clause 8 of the policy, incorporated therein."

This construction was sustained by the Supreme Court of Illinois in 1956 in the same captioned case reported in 8 Ill.2d 476, 134 N.E.2d 302.

Prior to the occurrence of one or more of the events calling for certification defendant was entitled to operate a motor vehicle upon the highways of Missouri or Illinois with or without liability insurance and the parties to this policy were free to contract for such insurance on any terms mutually agreeable as between insurers and insureds and, as in the instant case, could agree upon policy provisions excluding liability for injuries to persons riding in insured vehicles. So far as this record shows the instant policy was not one which had been issued for the purpose of complying with the security-deposit or any other provisions of the safety responsibility law of either state as proof of the financial responsibility of either Hertz or defendant. The policy never came within the purview of any such law because the record is bare of any fact showing that Hertz or defendant had been convicted, suffered a suspension or revocation of license, forfeited bail, failed to satisfy a judgment, or for any reason had filed or had been required to file the prescribed certificate.

With but few exceptions the courts of other jurisdictions have construed the same or similar policy provisions as we have construed Condition 6 under comparable safety responsibility laws. We refer to but need not re-cite the 15 cases cited in Perkins v. Perkins, supra. Additional cases supporting our view include the following: Hill v. Standard Mutual Casualty Co., 7 Cir., 110 F.2d 1001; Anderson v. American Automobile Ins. Co., 50 R.I. 502, 149 A. 797; Farm Bureau Mutual Automobile Ins. Co. v. Georgiana, 14 N.J.Super. 459, 82

A.2d 217; Rasinski v. Metropolitan Casualty Ins. Co., 117 N.J.L. 490, 189 A. 373; Sutton v. Hawkeye Casualty Co., 6 Cir., 138 F.2d 781; Travelers Ins. Co. v. Boyd, supra; Barkley v. International Mutual Insurance Co., 1955, 227 S.C. 38, 86 S.E.2d 602; State Farm Mutual Automobile Ins. Co. v. Cooper, supra.

The rationale of these cases is that the safety responsibility laws do not provide for compulsory motor vehicle liability insurance; that they are prospective in intendment, operate in futuro and are based upon the philosophy that every dog is allowed by the law one free bite; that such laws apply only to a second accident and not to a first accident;[2] that there is no requirement that the owner or operator of a motor vehicle carry a policy of liability insurance or that it contain any particular provisions unless and until the safety responsibility law has been invoked by the occurrence of some event resulting in the order of a state official that security be deposited or that proof of financial responsibility be made; that the policy must be a "required" policy before the provisions of the safety responsibility law are to be incorporated therein.

Plaintiff cites four cases in support of his position.[3] The Landis case[3] is clearly distinguishable on the ground that the policy in question was compulsory, as pointed out in McCann for Use of Osterman v. Continental Casualty Company, supra, 6 Ill. App.2d loc. cit. 534, 128 N.E.2d loc. cit. 627. We are unable to determine from a reading of the opinion in the Traders & General Ins. Co. case[3] whether the garage liability policy therein construed was a required policy, but the tenor of the opinion so indicates. We cannot agree with the cases decided by the U. S. Courts of Appeals for the 8th and 10th circuits, adhering as we do to the views expressed in the cases decided in the 4th and 7th circuits.[4]

It is our conclusion that garnishee's point is well taken; that neither the safety responsibility law of Missouri nor Illinois has any application to the policy in question; that the parties had a right to and did *voluntarily* enter into the particular contract evidenced by this policy; that the policy contains a plain, unambiguous and enforceable exclusion applicable to the instant facts and that no ambiguity is created by Condition 6.

Prior to final submission of the cause in this court garnishee filed here a claim under § 525.240 RSMo 1949, V.A. M.S., for an allowance as garnishee of $500 for attorneys' fees and $71.66 for printing briefs, supported by an affidavit that $71.66 was paid by garnishee for printing briefs and that $500 for attorneys' fees is reasonable. In compliance with § 525.-240, supra, and on the authority of McQuarry v. Geyer, 57 Mo.App. 213, and McPike Drug Co. v. Wilson, Mo.App., 237 S.W. 1044, the Commissioner recommends that the claim be allowed.

Finally, it is the recommendation of the Commissioner that the judgment of the circuit court be reversed and that the cause be remanded to the circuit court with in-

2. (exception: security-deposit provisions. Note that the security-deposit provisions of the Missouri Act, § 303.030(2) RSMo 1949, V.A.M.S., Laws 1953, p. 569, § 1, had not been adopted on June 6, 1952 and that such provision of the Illinois Act, § 58*l*, required a determination by the Department of Public Works and Buildings and a certificate to the Secretary of State, neither of which events is shown by this record to have occurred).

3. Farmers Ins. Exchange v. Ledesma, 10 Cir., 1954, 214 F.2d 495; New York Casualty Co. v. Lewellen, 8 Cir., 1950, 184 F.2d 891, 894; Traders & General Ins. Co. v. Pioneer Mutual Compensation Co., 1953, 127 Colo. 516, 520, 258 P.2d 776, 778; Landis, for Use of Talley v. New Amsterdam Casualty Co., 1952, 347 Ill.App. 560, 107 N.E.2d 187.

4. Hill v. Standard Mutual Casualty Co. and State Farm Mutual Automobile Ins. Co. v. Cooper, supra.

structions to discharge the garnishee and dissolve the writ of garnishment.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The claim of the garnishee is, accordingly, allowed in the sum of $500 for attorneys' fees and $71.66 for printing, and the judgment of the circuit court is reversed and the cause remanded with instructions to discharge the garnishee and dissolve the writ of garnishment.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.