### HOWARD v. AMERICAN SERVICE MUTUAL INS. CO.
No. 61-L-414.

Circuit Court, Dade County.
May 22, 1962.

Gay, Henderson & Anderson, Miami, for plaintiff.

Papy, Talburt & Carruthers, Miami, for defendant.

RAY PEARSON, Circuit Judge.

This cause came on for hearing before the court after due notice upon the cross-motions of plaintiff and defendant for summary judgment, upon the pleadings, exhibits, admissions, answers to interrogatories, and affidavits on file. The court has heard and considered the argument of respective counsel, has considered the memoranda of law submitted on behalf of each party, has examined the pleadings and evidence, and is fully advised in the premises.

There is no genuine issue as to any material fact, and the court finds that the defendant is entitled to judgment as a matter of law. The undisputed facts are —

Plaintiff, Howard, recovered a judgment on a cause of action arising out of an automobile accident against one Leonard R. Bajnick, a/k/a Leonard Ronald Bujnicki, defendant's insured and owner of the automobile, and one Richard L. Kellar, who was driving the automobile at the time of the collision. The judgment being unsatisfied, plaintiff brought this present action against the defendant, American Service Mutual.

The policy issued by defendant to Bajnick, a/k/a Bujnicki under Insuring Agreement III provides —

> With respect to the insurance for bodily injury liability and for property damage liability and for medical payments this policy provides coverage only when the vehicle is being actually physically driven by the named insured or a member of his immediate family. Coverage is extended while being driven on a military reservation only to any person legally responsible for the use thereof, provided the actual use of the automobile is with the insured's permission. The words "immediate family" means the spouse, the minor children of named insured or spouse, the parents of either, brothers or sisters of either, while actually residing in the household of the named insured.

Condition 4 of the policy provides —

Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. . . .

The accident did not occur on a military reservation, and Kellar was not a member of the "immediate family" of the insured within the definition of the policy.

The policy has never been certified as proof of financial responsibility under chapter 324 of the Florida Statutes.

Plaintiff contends that the financial responsibility clause contained in Condition 4 incorporated by reference the omnibus coverage provided for in Fla. Stat. §324.151(1), which provides in pertinent parts as follows —

A motor vehicle liability policy to be proof of financial responsibility under §324.031(1), shall be issued to owners or operators under the following provisions:

(1) An owner's liability insurance policy . . . shall insure the owner named therein and any other person as operator using such motor vehicle or motor vehicles with the express or implied permission of such owner, against loss from the liability imposed by law for damage arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles, . . .

Defendant contends that since the policy was a voluntary one, not issued or certified as proof of financial responsibility, the financial responsibility law is not applicable under Condition 4.

The appellate courts of Florida have not yet interpreted a policy condition similar to Condition 4. However, the same question has arisen in numerous other jurisdictions under financial responsibility acts similar to that of Florida. The great majority of these courts hold that the condition is not a blanket adoption of all of the provisions of the financial responsibility statute, but only adopts the act *when applicable.* Since no one is required to carry any insurance whatsoever under such statutes until after having first become involved in an accident, the act is not "applicable" to a first accident, but only applies after the insured has had an accident and been brought within the terms of the act.

In Johnson v. Universal Automobile Insurance Ass'n. (La. App. 1960), 124 So. 2d 580, 586, the court interpreted an identical policy provision under the Louisiana Motor Vehicle Financial Responsibility Law, which is almost identical to the Florida Financial Responsibility Law. The court held —

. . . From the above cited cases, it is apparent that almost without exception the federal courts, as well as the appellate courts of other states, have held under policy provisions almost identical to Condition 8 quoted above [which is identical to Condition 4 of the policy in the case at bar] that financial responsibility laws are not applicable to the first accident because under statutes similar to ours no motorist is required to carry any insurance whatsoever until he has become involved in his first accident and, as a result thereof, has then become subject to the provisions of the financial responsibility law. The act certainly does not apply automatically and without any specific statutory or contractual provision to damages arising out of a first accident. We agree with the view expressed by the great majority of the appellate courts of our sister states . . . Nowhere in the act do we find that a person can be required to carry liability insurance of any type in order to operate a vehicle on the highways of this state until after he has first had an accident and thereby been brought within the application of the act.

The Louisiana court in the Johnson case relied upon the case of Gabler v. Continental Casualty Co. (Mo. App. 1956), 295 S. W. 2d 194, 196, construing a similar condition under similar statutes, which held —

. . . The requirement of Condition 6 that the insurance afforded by the policy shall comply with the provisions of any (safety responsibility) law which "shall be applicable" means that before any such law shall control it must apply; that the policy shall comply with the statute when the statute is applicable, and conversely, if such law is not by its terms applicable Condition 6 does not affect the case and other provisions of the policy govern. . . . Neither safety responsibility law is applicable for the reason that the policy of insurance was entered into by the parties prior to the occurrence of the accident, voluntarily, and not in compliance with the sanctions or compulsions of either safety responsibility law. . . .

With but few exceptions the courts of other jurisdictions have construed the same or similar policy provisions as we have construed Condition 6 under comparable safety responsibility laws. . . .

The rationale of these cases is that the safety responsibility laws do not provide for compulsory motor vehicle liability insurance; that they are prospective in intendment, operate in futuro and are based upon the philosophy that every dog is allowed by the law one free bite; that such laws apply only to a second accident and not to a first accident; that there is no requirement that the owner or operator of a motor vehicle carry a policy of liability insurance or that it contain any particular provisions unless and until the safety responsibility law has been invoked by the occurrence of some event resulting in the order of a state official that security be deposited or that proof of financial responsibility be made; that the policy must be a 'required' policy before the provisions of the safety responsibility law are to be incorporated therein.

See also Henderson v. Trans-Continental Mutual Ins. Co., Inc. (C.C.A. Ga. 1955), 227 F. 2d 106, 109, holding —

. . . It is sufficient to say that the argument is based upon a misconception of the policy provision. The language of the "condition" does not unqualifiedly state that the coverage under A and B shall comply with the provisions of the motor vehicle financial responsibility laws, but

that "such insurance as is afforded by this policy" shall comply with the financial responsibility law of any state "which shall be applicable, etc." Obviously, the inclusion of this provision does not extend liability of the insurer over to situations not covered by the policy. . . .

The limiting endorsement states in plain and unequivocal language: "It is understood and agreed that coverages A, B and C of this policy are in force only when the vehicle is being operated by the named insured or a member of his immediate family." We know of no Georgia law which prohibits such limited coverage and certain it is that the Georgia Motor Vehicle Responsibility Act does not bar the insurer from using this limitation of coverage as a defense to an action by injured third persons. In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligation not inconsistent with public policy; and the courts have no right to add anything to their contracts, or take anything from them. . . .

This court adopts the reasoning and holdings set forth in the above cases. The policy in the instant case was a voluntary policy, not issued or certified as proof of financial responsibility under the Florida statutes. The Florida Financial Responsibility Law does not apply. The limitation of coverage contained in Insuring Agreement III is valid and effective, and is a complete defense to this action by plaintiff.

It is therefore considered, ordered and adjudged that — (1) Plaintiff's motion for summary judgment is denied. (2) Defendant's motion for summary judgment is granted. (3) Plaintiff take nothing by his suit and that the defendant go hence without day. (4) Judgment be and it hereby is entered in favor of the defendant, American Service Mutual Insurance Company, and against the plaintiff, John W. Howard. (5) Defendant having incurred no taxable costs, no costs are taxed.