WIGGINTON, Judge.
This appeal is of a summary final judgment rendered in favor of appellees in a suit brought by appellant for indemnity. By its action appellant sought to recover the full amount of a judgment rendered against it as the result of a motor vehicle collision which occurred at a time when the minor appellee was operating a motor vehicle owned by appellant. The facts of the case are not in dispute, nor is the question of law presented for our decision.
From the stipulation of facts signed by the parties and filed in the cause it is agreed that on February 22, 1959, Norman Delano Griffin, then age 16, appeared at the used car lot operated by Lynch-Davidson Motors in Jacksonville, Florida. Young Griffin had saved some money and wanted to buy a car. His purpose in going to the lot was to find a suitable used car which he could afford. He went there without his parents’ knowledge or consent but in the hope that if he could find a suitable car he might be able to persuade his parents to permit him to buy it. Young Griffin was met at the lot by one R. C. Croft, an employee of Lynch-Davidson. Mr. Croft was interested in selling an automobile and helped the boy find one that he particularly liked. A demonstration drive was suggested and so young Griffin drove the car out of the lot with Mr. Croft sitting beside him. A few blocks from the used car lot young Griffin collided with another automobile, injuring its driver.
Following the accident, suit was filed against Lynch-Davidson and young Griffin alleging that the accident was caused by the negligence of young Griffin in driving the automobile owned by Lynch-Davidson. At the trial of this cause plaintiff took a non-suit as to young Griffin and received a verdict against Lynch-Davidson.
Prior to the accident mentioned above, Universal Underwriters had issued a policy of liability insurance to Lynch-Davidson insuring that company against liability for bodily injury and property damage. The insurance company was promptly notified of the accident and undertook an investigation. In connection with the investigation the company filed the appropriate SR-21 form with the Financial Responsibility Division of the office of the State Treasurer and Insurance Commissioner in which form Universal Underwriters stated: “Our policy applies to the owner of the vehicle, but does not apply to the operator of the vehicle involved in the accident.”
Universal Underwriters was also promptly notified of the filing of the suit against Lynch-Davidson and young Griffin and retained attorneys to provide a defense for Lynch-Davidson. Universal Underwriters did not provide any defense for young Griffin. The judgment recovered against Lynch-Davidson was paid by Universal Underwriters which company also paid the cost of defense and certain other claims which were asserted growing out of the accident. Lynch-Davidson paid no part of any of the claims or of the judgment or of the cost of defense.
This cause was instituted by Universal Underwriters in the name of its insured, Lynch-Davidson, against young Griffin and his parents, seeking to recover indemnity for the payments which it had made allegedly resulting from the negligence of young Griffin in driving the automobile. Any recovery made by the plaintiff will inure wholly to the benefit of Universal Underwriters.
One of the defenses asserted by young Griffin is that he was within the coverage of the insurance policy, entitled to its protection, and that since the insurance company is the real party in interest, it may not recover from him the very sum which it was obligated to pay on his behalf. The insurance company, of course, contends that young Griffin was not covered by the insurance policy and that he is therefore liable by way of indemnity to the insurance company for the sums which it paid resulting from his primary fault.
*914 The policy of automobile liability insurance issued to appellant by the use plaintiff, Universal Underwriters, purported to extend insurance coverage only to appellant who was named as the insured therein, and to other specified classes of persons particularly described in the definitions provision of the policy. There is no controversy that the minor appellee, Norman Delano Griffin, does not fall within the various classifications of persons defined by the insurance policy as insureds thereunder. The primary question presented for adjudication is whether the minor appellee was, by operation of law, within the coverage of the liability insurance policy issued appellant by Universal Underwriters. The parties agree that if minor appellee was within the coverage of that policy of insurance, then ap-pellees were entitled to judgment as a matter of law and, in that event, all other issues in the cause would be rendered moot and the decision of the trial court should be affirmed. The answer to the primary question hereinabove stated turns on a determination as to whether the terms and provisions of the financial responsibility law of 1955 [1] shall be read into and adjudged to be part of the terms and provisions of the insurance policy under consideration.
The automobile liability insurance policy issued appellant by Universal Underwriters contains the following provision, to wit:
“Financial Responsibility Laws — Coverages A and B: When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability with respect to any automobile owned by the named insured shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.”
Appellant contends that the insurance coverage afforded by the policy extends only to those named as insureds therein, and does not extend to the minor appellee who was a permissive user of the vehicle at the time of the collision which resulted in the judgment for which indemnity is sought. Appellant further contends that the provisions of the financial responsibility law of Florida are not applicable to the insurance policy involved herein for the reason that the requirements of that law become applicable only after the insured has once been involved in an automobile collision and the insured’s policy is thereafter certified by the insurer as proof of the insured’s financial responsibility for the future. Appellant cites respectable authority from other jurisdictions to support this position, although some of the decisions cited are from jurisdictions where the statutes differ in material respects from the one in effect in this state.[2]
Appellant urges the proposition that under the law of Florida an owner of a motor vehicle and a liability insurance company are free to contract with respect to insurance coverage, and to limit or restrict the coverage afforded by the policy in any manner they see fit. It argues that it is not until after the owner of such motor vehicle has his first accident that the financial re *915 sponsibility law comes into effect and thereafter requires liability insurance policies issued to the insured to meet the minimum requirements of the law. In support of the first proposition so urged by appellant it cites as authority this Court’s decision in the case of Carter v. National Automobile Ins. Co.,[3] and the Supreme Court’s decision in Jefferson Insurance Company v. Fischer.[4] It must be observed, however, that in neither the Carter case nor the Fischer case was the point now presented for our decision either raised or passed upon. In reaching our decision in the case sub judice we do not intend to recede from or disagree with anything said either in Carter or Fischer.
Appellant recognizes that the decision rendered by the Third District Court of Appeal in the case of Howard v. American Service Mutual Insurance Co.[5] appears to support the summary final judgment from which this appeal is taken, but asks this Court either to refuse to follow the Howard decision, or to distinguish it on the facts from the case we now review.
In Howard the insurance company issued a policy of automobile liability insurance to a named insured under the terms of which insurance coverage was extended only to the name insured and the members of his immediate family. The motor vehicle was involved in a collision while being driven by a third party with the insured’s knowledge and consent. As a result of the collision action was brought by the injured party against the named insured and the permissive driver of the vehicle. When plaintiff was unable to satisfy his judgment against the named defendants, he brought action against the insurance company to recover the full amount of the insurance coverage. The company defended the action on the ground that its insurance policy did not cover the vehicle when it was operated by a permissive driver as shown by the circumstances in that case. The insurance policy did, however, contain a conformity clause with respect to the financial responsibility law of this state which was as follows:
“ ‘Financial Responsibility Laws— Coverages A and B. Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.’ ”
The facts in Howard were that the liability insurance policy had been issued by the company to the insured on a voluntary basis and not pursuant to the requirement of the financial responsibility law following .a first accident by the named insured. The insurance company, of course, contended that the financial responsibility law had no application to its obligation under the terms of the insurance policy in question and, therefore, it was not necessary that the policy meet the minimum requirements of the financial responsibility law. It was conceded, however, that had the policy been issued following a first accident by the named insured, then in order to meet the requirements of the law, the insurance policy would thereafter be construed as extending *916 coverage as required by the financial responsibility law not only to the owner of the vehicle, but to any other person operating it with the owner’s knowledge and consent.
In reviewing the provisions of the financial responsibility law, Judge Hendry, speaking for the court, commented upon those sections thereof which provide for the suspension of the operator’s license and all registrations of the owner of the vehicle involved in an accident resulting in damage or injury to others unless security is deposited to cover the damages inflicted, or a release is obtained from the injured parties, and there is compliance with other provisions of the act requiring proof of financial responsibility.[6] One of the items of such proof is the ownership of a motor vehicle liability insurance policy conforming to the minimum requirements of the act, which minimum requirements include, among other things, insurance coverage of the owner named therein and any other person as operator using such vehicle with the express or implied consent of such owner, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such vehicle.[7] The financial responsibility law also provides that the driver’s license of the operator of the vehicle involved in a collision causing damage to another, as well as the registrations of the owner of such vehicle, shall not be suspended if such owner had in effect at the time of such collision an automobile liability policy with respect to the involved motor vehicle.[8] It would be inconsistent with logic or reason to hold that the form of liability insurance policy referred to in this provision could contain less than the minimum requirements of the statute.
In the ultimate, the Third District Court of Appeal held in Howard that the provisions of the financial responsibility law of Florida are read into and become a part of each automobile liability insurance policy in force in this state in which the policies contain a conforming clause relative to the financial responsibility law such as was included in the insurance policy there involved. The court held that the coverage under such policy extends by operation of law not only to the named insured or insureds, but also to any other person driving or operating the vehicle with the knowledge or consent of the owner, even though the policy contained restrictions to the contrary. The court further held such to be the case, even though the insurance policy was voluntarily issued by the company to the named insured and was not certified as a requirement of the financial responsibility law to cover future liability after the occurrence of a vehicular collision. The decision of the Third District Court of Appeal finds respectable support in decisions from other jurisdictions.[9]
It is our view that the decision rendered in the Howard case is the sounder view of the law dealing with the question here considered, and more correctly implements the public policy of Florida as determined by the legislature and set forth in the financial responsibility law as follows:
“It is the intent of this chapter to recognize the existing rights of all to own motor vehicles and to operate them on the public streets and highways of this state when such rights are used with due consideration for others; to promote safety, and provide financial security by such owners and operators whose responsibility it is to recom *917 pense others for injury to person or ■property caused by the operation of a motor vehicle, so it is required herein that the owner and operator of a motor vehicle involved in an accident shall respond for such damages and show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges.” [10]
Appellant asserts that the conforming clause in the liability insurance policy involved in the Howard case, and the -similar clause in the insurance policy involved in the case sub judice, are distinguishable in that the clause contained in the latter insurance policy specifically provides that the financial responsibility law •.is not applicable until the policy is first certified as proof of financial responsibility for the future, whereas no such provision is present in the former policy. It is not questioned but that the facts in the case sub judice fail to establish that the insurance policy involved herein was ever certified pursuant to the provisions of the financial responsibility law. It is our view that it is wholly immaterial whether the conforming clause is conditioned as set forth in the insurance policy here reviewed, or is unconditional as shown in the conforming clause of the policy involved in the Howard case. It is the settled law of this state that where parties contract upon a subject which is surrounded by statutory limitations and requirements, they are presumed to have entered into their engagements with reference to such statute, and the same enters into and becomes a part of the contract.[11] The provisions of the financial responsibility law, and the several requirements made thereby, are applicable to all automobile liability insurance policies issued with respect to motor vehicles operating in this state, and are not dependent for their efficacy upon the terms of the insurance policies as written and issued by the insurance companies. We further hold that the owner of an automobile liability insurance policy issued in this state has a right to presume that such policy meets the minimum requirements of the financial responsibility law and is sufficient evidence of financial responsibility as to prevent the suspension of the operator’s licenses and the vehicular registrations of the owner of a motor vehicle involved in a collision which results in damages to others. We further hold that such right may not be impaired, circumscribed or restricted by any provisions of the insurance policy which fail to meet the minimum requirements of the financial responsibility law.[12] Although this holding may be subject to the criticism that it impairs the constitutional right of Florida citizens to freely contract with each other, it must be remembered that we are here dealing with the public policy of Florida as pronounced by its duly constituted legislature as it relates to the ever increasing damages suffered by our citizens as a result of the operation of dangerous instrumentalities on the streets and highways of this state. A contract otherwise valid may be required to yield when it collides with the public policy of the state validly pronounced by its duly constituted lawmaking body.
It is our judgment that the trial judge reached the correct conclusion in rendering summary final judgment in favor of appellees, and the judgment is accordingly affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. F.S. Ch. 324, F.S.A.

. Moyer v. Aron et al., 175 Ohio St. 490, 196 N.E.23 454; State Farm Mutual Automobile Ins. Co. v. Cooper, 233 F.2d 500 (4th Cir. 1956).

. Carter v. National Automobile Ins. Co. (Fla.App.1961) 134 So.2d 864.

. Jefferson Insurance Company v. Fischer, (Fla.1964) 166 So.2d 129.

.Howard v. American Service Mutual Insurance Co. (Fla.App.1963) 151 So.2d 682, 683.

.F.S. §§ 324.051(2); 324.131; 324.031, F.S.A.

. F.S. §§ 324.021(7); 324.021(8); 324.-151(1), F.S.A.

. F.S. § 324.051(2), F.S.A.

.Landis v. New Amsterdam Casualty Co., 347 Ill.App. 560, 107 N.E.2d 187; Wildman et ux. v. Government Employees’ Ins. Co., (1957) 48 Cal.2d 31, 307 P.2d 359; Traders & General Ins. Co. v. Pioneer Mut. Comp. Co., et al., (1953) 127 Colo. 516, 258 P.2d 776; Farmers Ins. Exchange v. Ledesma et al., 214 F.2d 495 (10th Cir. 1954).

. F.S. § 324.011, F.S.A.

. Citizens’ Ins. Co. v. Barnes et al., 98 Fla. 933, 124 So. 722.

. Wildman et ux. v. Government Employees’ Ins. Co., supra note 9.