Robert A. SNYDER, Administrator of the Estate of August C. Stenger, deceased, Plaintiff,

v.

The TRAVELERS INSURANCE COMPANY, Defendant.

Civ. A. No. 14389.

United States District Court D. Maryland.

March 11, 1966.

Robert E. Coughlan, Jr., Baltimore, Md., for plaintiff.

Mathias J. DeVito and Michael P. Crocker, Baltimore, Md., for defendant.

WINTER, District Judge:

August C. Stenger (Stenger), who died after the filing of suit and whose administrator has been substituted as plaintiff, sought a declaratory judgment of his rights under a policy of insurance issued by defendant (Travelers). The matter is presented for determination upon Travelers' motion for summary judgment. The operative facts are not in dispute, and only such immediately bearing upon the questions of law to be decided will be stated.

Stenger was sued in this Court (Admiralty No. 4403) by a certain Michael Bolewski, a longshoreman, to his own use and to the use of Liberty Mutual Insurance Company, to recover damages, in the amount of $40,000.00, on account of personal injuries alleged to have been suffered, on or about August 30, 1960, while Bolewski, in the employ of Chesapeake Operating Company, stevedores, was engaged in his employment on board the S. S. "BREITENSTEIN." The accident occurred at Pier 6 Port Covington, six to eight miles away from Stenger's offices,

at 2353–2359 Boston Street, and recovery is sought on the grounds of alleged negligence on the part of Stenger and alleged unseaworthiness of the vessel. Stenger's liability to Bolewski, if any, has not been determined, but, under the policy of insurance issued by Travelers, Travelers agreed to defend Stenger against any suit seeking damages from Stenger for injury, sickness or disease, even if such is groundless, false or fraudulent, in regard to the risks insured against. Travelers has refused to defend Stenger in the action filed by Bolewski on the ground that the policy does not cover Stenger, even if Stenger be determined to be liable to Bolewski.

Stenger maintained two offices—one at the address previously stated and another on Hillen Road, in Baltimore City. Stenger owned a floating crane, named the "THREE BROTHERS," and Stenger's business was to rent the crane and provide operating personnel for the loading and unloading of seagoing vessels. The "THREE BROTHERS" is not self-propelled. It must be towed by tugs and, when not on lease, is regularly tied up at Stenger's offices, 2353–2359 Boston Street. It was while the "THREE BROTHERS" was unloading the S. S. "BREITENSTEIN" that the Bolewski alleged cause of action arose.

The policy in suit—No. DS–8017361, issued June 1, 1960—insures Stenger, within the limits of the policy, against all sums which Stenger shall become legally obligated to pay arising out of the "hazards hereinafter defined." *Inter alia*, "hazards" are defined as "The ownership, maintenance or use of premises, and all operations."

In the portion of the policy entitled "Declarations" the printed form of policy states: "Location of all premises owned, rented or controlled by named insured," and, in the space provided for answer there was typed in:

"2353–2359 Boston St.

Baltimore, Md."

The portion of the policy entitled "Exclusions" states:

"This policy does not apply:

(a) under division 1 of the Definition of Hazards, and under Coverage C, to the ownership, maintenance, operation, use, loading or unloading of (1) *watercraft if the accident occurs away from premises owned by, rented to or controlled by the named insured*, except insofar as this part of this exclusion is stated in the declarations to be inapplicable, (2) automobiles if the accident occurs away from such premises or the ways immediately adjoining, or (3) aircraft; * * . *." (Emphasis supplied.)

Based upon the policy provisions quoted above, Travelers argues that Stenger was not covered for the cause of action alleged by Bolewski because that action is clearly one which relates to the "ownership, maintenance, operation, use, loading or unloading of * * * watercraft if the accident occurs away from the premises owned by, rented to or controlled by the named insured." This language of the exclusions is applicable, it is asserted, because the "THREE BROTHERS," a floating crane, is a species of watercraft, and Bolewski's injuries occurred six to eight miles away from the premises stated in the declaration to be covered by the policy.

Travelers correctly argues that under the law of Maryland insurance contracts are to be interpreted in the first instance according to the sense and meaning of their terms, which are to be given their normal and customary meanings. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co. v. Travelers Ins. Co., 233 Md. 205, 211, 196 A.2d 76 (1963); United States Fidelity & Guaranty Co. v. National Paving & Contracting Co., 228 Md. 40, 50, 178 A.2d 872 (1962). The "THREE BROTHERS" was a watercraft, and Port Covington is not 2353–2359 Boston Street. Literally, the exclusion is applicable.

Stenger argues that the "THREE BROTHERS" was included

within the definition of "premises" because, when not employed in Stenger's business, it was moored at 2353–2359 Boston Street. This contention is without merit. It is to be presumed that the parties employed the word "premises" throughout the policy in a single sense, unless a contrary intention is clearly expressed. The language of "Exclusions" quoted above, in addition to the exclusion for watercraft, also excludes automobiles "if the accident occurs away from such *premises* or the ways immediately adjoining." Premises here must mean a fixed situs on land. Similarly, Division 3 of "Definition of Hazards," *inter alia,* insures against accidents occurring in the course of structural alterations " * * * at such premises which do not involve changing the size of or moving buildings or other structures." Again, a fixed site on land was obviously intended. The portion of the policy which relates to insurance for newly acquired elevators speaks of "elevators newly installed at the premises described in the declarations," and "Exclusions (m)" excludes from property damage, liability for certain water damage, damage from collapse or fall of tanks and rain or snow damage " * * * on or from premises owned by or rented to the named insured and injure or destroy buildings or property therein and are not due to fire * * *." In short, the policy throughout speaks of "premises" as a fixed site on land owned, rented or controlled by Stenger and not an item of maritime personal property.

Stenger, in connection with its argument that premises includes the "THREE BROTHERS" because of the place where it is usually moored, seeks to invoke estoppel against Travelers from denying coverage. Evidence was offered to show that the rating classification pursuant to which the premium paid by Stenger was computed was one which would provide coverage for Stenger if Stenger were liable to Bolewski. Such classification was "Stevedoring–N.O.C."

"Declarations Schedule 1," provides:

| Description of Hazards | Premium Bases | Rates | | Advance Premiums | |
|---|---|---|---|---|---|
| | | Bodily Injury Liability | Property Damage Liability | Bodily Injury Liability | Property Damage Liability |
| The rating classification under the Description of Hazards do not modify the exclusions or other terms of this policy. | | | | | |
| Stevedoring–N. O. C.–including coverage for accidents, other than accidents on board vessels, which occur at the site of the operations and after the operations have been completed or abandoned. | | | | | |
| #7309 | 9113. | .385 | .578 | 35.09 | 52.67 |

It will be noted that "Declarations Schedule 1" on its face states that the rating classifications under the description of "Hazards" do not modify the "Exclusions," or other terms of the policy.

In briefs, both parties concede that under the law of Maryland the subject matter of the coverage may not be extended by waiver or estoppel, and that waiver or estoppel are appropriate legal

theories only to negate conditions subsequent which defeat coverage, where coverage otherwise exists. This *concessum* is unquestionably correct in regard to the doctrine of waiver. Prudential Ins. Co. v. Brookman, 167 Md. 616, 175 A. 838 (1934). See also, Bower & Kaufman v. Bothwell, 152 Md. 392, 136 A. 892, 52 A.L.R. 158 (1927); State Farm Mutual Automobile Ins. Co. v. Cooper, 233 F.2d 500 (4 Cir. 1956); Insurance Co. of North America v. Atlantic National Ins. Co., 329 F.2d 769 (4 Cir. 1964). It may not be correct as to the doctrine of estoppel. This Court does not read Prudential Ins. Co. v. Brookman, supra, and Bower & Kaufman v. Bothwell, supra, as foreclosing the possibility that estoppel may have the effect of extending coverage in a proper case. Nor is the possibility foreclosed in American Auto. Ins. Co. v. Master Bldg. Supply & Lbr. Co., 179 F.Supp. 699 (D.Md.1959), and Travelers Insurance Co. v. Miller, 187 F.Supp. 895 (D.Md. 1960). Particularly is this so when the rationale of estoppel, namely, that the insurer should be compelled to afford protection for risks for which it has been compensated, is apparently present as in this case.

■ It is unnecessary, however, to decide whether estoppel can be relied upon to extend coverage in this case. Stenger is dead. John Filler, the person who dealt with Stenger and placed the insurance with Travelers, is also deceased, and neither the testimony of Stenger nor Filler has been preserved. As a consequence, Stenger has failed to prove by a preponderance of the evidence all of the essential elements of estoppel, because what representations, if any, made by Filler are not shown, Filler's authority to make such representations was not shown, and Stenger's reliance on the policy in suit has also not been established.

The Court concludes Stenger was not covered by the policy in suit in regard to the Bolewski action.

Counsel may agree upon a form of order.