HALL, Judge.
In this suit for damages arising out of an automobile accident, the sole issue on appeal is whether there was insurance coverage under a garage liability policy issued to the defendant driver. For reasons expressed in this opinion the judgment of the district court denying coverage and rejecting plaintiff’s demands against the defendant insurance company is affirmed.
Plaintiff was severely injured when the automobile in which he was riding as a passenger was involved in a collision with an automobile owned and driven by Mrs. Nell Parker. Plaintiff filed suit against Mrs. Parker and subsequently named as additional defendants Gulf Insurance Company, which had issued a family automobile liability policy to Mrs. Parker describing the vehicle she was driving at the time of the accident, and Pan American Fire & Casualty Company, which had issued a garage liability policy to Mrs. Parker.
During the course of the trial, plaintiff entered into a compromise settlement with Mrs. Parker and Gulf whereby Gulf paid plaintiff its policy limits and Mrs. Parker made some contribution, in return for which plaintiff released his claims against Mrs. Parker and Gulf, reserving all rights against Pan American.
The remaining defendant, Pan American, stipulated Mrs. Parker’s fault in the accident and further stipulated that if the court held its policy provided coverage plaintiff was entitled to recover the full policy limits of $10,000.
At the time of the accident, Nell Parker owned a 1972 Buick and a 1963 Oldsmobile. She owned and managed a small store and service station, with one employee. She had three policies of liability insurance: (1) a family automobile policy issued by Gulf covering the Buick involved in this accident; (2) a family automobile policy issued by Pan American covering the Oldsmobile; and (3) a garage liability policy issued by Pan American. The latter policy is the focal point of the dispute presented by this appeal.
Pan American’s policy is a standard printed form policy designated as a “Garage Liability Policy”. It provides for a *465 variety of coverages against a variety of hazards — each coverage and hazard being available for a separate specific premium. The policy form provides for three major categories of coverage — Garage Liability, Expenses for Medical Services, and Ga-ragekeeper’s Legal Liability. Each of these separate coverages has certain subparts. Pertinent to this litigation, the Garage Liability Coverage is divided into Bodily Injury Liability and Property Damage Liability. Bodily Injury Liability is further divided into Automobile Hazard 1 and Automobile Hazard 2.
Automobile Hazard 1 covers the use of any automobile for the purpose of garage operations and the use of an automobile owned by the insured under certain conditions. Automobile Hazard 2 covers the use in connection with garage operations of any automobile which is neither owned nor hired by the named insured.
The automobile involved in the accident, owned by Mrs. Parker, would be covered under Automobile Hazard 1, but not under Automobile Hazard 2. The question to be decided is whether the policy provides Automobile Hazard 1 coverage, as contended by plaintiff, or only Automobile Hazard 2 coverage, as contended by defendant.
The policy provides:
“The company will pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of
G. bodily injury or
H. property damage
to which this insurance applies, caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded, as indicated in the schedule * * (emphasis added)
Item 1 of the policy is reproduced as follows.

The policy affords insurance only with respect to the coverages and hazards indicated by a specific premium charge on the form. Blank spaces are provided on the left side of the form for premium charges which relate to the coverages and hazards shown to the right thereof. The form reproduced above clearly shows two separate *466 blank spaces for premium charges for Automobile Hazard 1 and Automobile Hazard 2. Only the blank relating to Automobile Hazard 2 is filled in with a specific premium charge of $117.00. The typewritten charge appears opposite and in alignment with Automobile Hazard 2 only. Thus, the policy does not provide coverage for Automobile Hazard 1 and, therefore, does not provide coverage for the injuries in this case arising out of Mrs. Parker’s negligent operation of an owned automobile.
Plaintiff cites authority for the well-established rule that ambiguities and uncertainties in a policy are to be construed against the insurer and in favor of coverage. The rule has no applicability here because the policy form, as constructed and completed, leaves no room for doubt as to the hazard for which a premium was charged and coverage thereby afforded.
Plaintiff also calls attention to an endorsement of the policy by which the limits of liability are increased to “10/20/5 for garage liability”, which plaintiff contends covers all hazards shown under the garage liability coverage. The endorsement does not expand the coverage but only increases the policy limits for those coverages and hazards for which a premium was charged as shown in Item 1.
As noted by the district court, the policy itself clearly demonstrates the intention of the parties that this policy provide coverage only for non-owned vehicles used in garage operations. This conclusion is corroborated by other evidence in the record.
At the time the Pan American policy was written, the company advised its agent that the company would write only Hazard 2 coverage and that owned automobiles would have to be covered separately. The Oldsmobile owned by Mrs. Parker at that time was covered by a separate policy issued by Pan American. Later, when Mrs. Parker acquired the Buick involved in this accident, the same agent provided separate coverage for it with a policy issued by Gulf. Hence, Mrs. Parker was provided liability coverage on her owned automobiles under separate policies, and liability coverage for non-owhed vehicles used in connection with her garage or service station business under the policy in dispute. The Pan American garage liability policy does not cover the owned automobile involved in the accident giving rise to this suit.
For the reasons assigned, the judgment of the district court is affirmed, at appellant’s costs.
Affirmed.