473 F.Supp. 224 (1979)
Kirk MILLERby and through his mother and next friend, Joan Miller Haney, Plaintiffs,
v.
SILVEY COMPANIES, Defendant.
No. 78-889C(3).
United States District Court, E. D. Missouri, E. D.
July 2, 1979.
Elmer C. Oberhellmann, St. Louis, Mo., for plaintiffs.
John L. Harlan, Jr., Harlan & Harlan, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court for consideration of defendant's motion for summary judgment. Though defendant's motion fails to comply with Rule 7(B), Rules of the United States District Court for the Eastern Judicial District of Missouri, the Court will rule on the motion due to the pre-trial materials filed in this case which supply the supporting argument and authority. There being no issue of material fact, and defendant being entitled to judgment as a matter of law, defendant's motion will be granted. Rule 56, Federal Rules of Civil Procedure.
Plaintiff has filed suit alleging coverage under the uninsured motorist provisions of an automobile insurance policy issued by defendant to plaintiff's mother. Plaintiff was injured while riding a motorcycle. For purposes of this motion the Court will accept as true plaintiff's assertion that the accident arose from a collision with another motorcyclist, who at the time was an uninsured motorist. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). At the time of the accident, plaintiff was fifteen years old.
The policy issued by defendant contained the following endorsement:
In consideration of the continuation of this policy by the Company, it is hereby agreed that no coverage is provided and the Company shall not be liable for loss, damage, and/or liability caused while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated by the following named person:
Gary R. Haney & Kirk D. Miller.
It is defendant's assertion that this endorsement excludes Kirk Miller from coverage under the uninsured motorist provision with respect to liability arising while he was operating a motorcycle.
Plaintiff asserts that the enforcement of this endorsement is void as against public policy. Missouri precedent does not support this assertion.
*225 Surface v. Ranger Insurance Company, 526 S.W.2d 44 (Mo.App.1975), involved a factual situation similar to the present case. A minor child of the insured was injured in a one-car accident while a passenger in a friend's automobile. The automobile was uninsured. The insured attempted to recover under the uninsured motorist provisions of an automobile policy issued by defendant. The definitions in the policy excluded uninsured motorist coverage for the type of accident involved.
The court upheld the contractual limitation of liability, and gave no indication that such a limitation violated public policy. In language particularly relevant to the present case, the court stated, id. at 47, "The purpose of the insuring agreement is to define the classes of persons who are eligible to receive the protection of the policy, and to limit the availability of the insurance to such classes of persons."
In the present case, the defendant has likewise limited the class of persons who are eligible to receive the benefits of the policy. The endorsement specifically states that defendant is not liable for any liability which arises while Kirk Miller is driving the insured automobile or any other automobile. Such a clause is valid and enforceable and does not violate public policy. Public policy does not dictate that an insurance company provide uninsured motorist coverage for accidents arising from the operation of a motorcycle by a fifteen year old child.
The parties are in disagreement as to whether an accident caused by an uninsured motorcyclist would be covered by the uninsured motorist provisions in the policy. Due to the resolution of the above issue, it is unnecessary to rule on this matter.
Furthermore, defendant disclaims liability due to the exclusion for bodily injury to the insured while occupying an automobile, other than the insured automobile, owned by the insured. It is likewise unnecessary to rule on the validity of this exclusion. But, cf., Otto v. Farmers Ins. Co., 558 S.W.2d 713 (Mo.App.1977).
Summary judgment will therefore be granted in defendant's favor.