496 F.Supp. 1301 (1980)
CANAL INSURANCE COMPANY, Plaintiff,
v.
Joseph James WARREN, Sammy Lee Eaton, Superior Motor Express, Ruth Elizabeth Davison and Herman Lee Davison and Lumbermens Mutual Casualty Company, an Illinois Corporation, Defendants.
No. S79-0077C.
United States District Court, E. D. Missouri, Southeastern Division.
September 30, 1980.
*1302 Manuel Drumm, Drumm & Leible, Sikeston, Mo., for plaintiff.
James R. Robison, Sikeston, Mo., Maurice B. Graham, Schnapp, Graham & Reid, Fredericktown, Mo., Bernard C. Rice, Blanton, Rice, Sickal, Gilmore & Winchester, Sikeston, Mo., John Booth Farese, Farese, Farese & Farese, Ashland, Miss., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court for decision upon the merits. Plaintiff brought this suit pursuant to 28 U.S.C. § 1332[1] seeking declaratory relief as to its responsibilities with regard to lawsuits now pending in the state courts of Missouri. Defendant Lumbermens Mutual Insurance Company ("Lumbermens") subsequently counterclaimed and cross-claimed seeking similar declaratory relief.
This case was tried before the Court sitting without a jury. This Court has considered the documents and depositions in evidence, and is now fully advised in the premises. The following shall constitute this Court's findings of fact and conclusions of law, as required by Rule 52, Federal Rules of Civil Procedure.
In August 1978, defendant Joseph James Warren ("Warren"), a citizen of the State of Mississippi, entered into a trip-lease with defendant Superior Motor Express, Inc. ("Superior") to use his tractor-trailer rig. Superior is a corporation organized and existing under the laws of the State of North Carolina, where it maintains its principal place of business. Pursuant to the terms of the lease, Warren supplied defendant Sammy Eaton ("Eaton"), also a citizen of the State of Mississippi, to drive the rig. During the trip, while en route to Farmington, Missouri, Eaton collided with a motor home driven by defendant Herman Davison and occupied by defendant Ruth Davison, both citizens of the State of Ohio.
The Davisons subsequently brought suit against Warren, Eaton, and Superior to recover for their injuries. The only allegations of negligence in these suits are against Eaton. Warren and Superior are sued strictly on a respondeat superior basis. The Davisons seek well over ten thousand dollars in damages.
The instant suit is to decide which insurance company is obligated to defend the damage action now pending in state court and ultimately pay any damages the Davisons might be awarded or any settlement amount. Canal Insurance Company ("Canal"), a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in that state, issued an automobile liability insurance policy to Warren, which was in effect at the time of the accident.[2] Lumbermens Mutual Insurance Company ("Lumbermens"), on the other hand, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in that state, was Superior's insurer at the time of the accident.
In determining whether the Lumbermens' policy applies to the defendants in the damage action, the obvious starting point must be the language of the policy *1303 itself. In defining the persons insured, the Lumbermens' policy reads as follows:[3]
II. Persons insured
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured;
. . . . .
(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, ...
(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above.
Under the terms of the Lumbermens' policy, Superior is the "named insured" and the rig driven by Eaton is a "hired automobile."
The above provisions clearly extend coverage to Eaton, Warren and Superior under the facts of this case. Eaton was using a hired automobile with the permission of the named insured. Warren, on the other hand, is a defendant in the damage action due to acts and omissions of Eaton. Superior, as mentioned, is the named insured.
Lumbermens seeks to exclude Eaton and Warren from coverage due to the following provision:
None of the following is insured:
. . . . .
(ii) the owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile or the owner of an nonowned automobile, or any agent or employee of any such owner or lessee;
. . . . .
Lumbermens argues that Warren is the owner of a hired automobile, and Eaton is an employee of Warren, and therefore both are expressly excluded from coverage.
In making this argument, however, Lumbermens chooses to ignore the terms of the "Truckmen-Hired Automobiles" endorsement which is part of the policy. This endorsement modifies the terms of the basic policy. In particular, this endorsement modifies the above exclusion. The endorsement states the insurance with respect to owned automobiles applies to the use of hired automobiles, with certain exceptions. The effect of this endorsement is to nullify the blanket exclusion of owners of hired automobiles and employees of such owners, and, in its stead, to extend coverage to such owners and employees except when certain conditions are met. None of the exceptions listed in this endorsement are applicable in the instant case. Warren and Eaton are therefore "persons insured" under the Lumbermens' policy.
This conclusion is supported by the cases which have dealt with similar policies. Wellman v. Liberty Mutual Insurance Company, 496 F.2d 131 (8th Cir. 1974), dealt with a policy nearly identical to the Lumbermens' policy. That court concluded that coverage would have extended to the owner-driver of the leased truck except for the fact that one of the specified exceptions to coverage applied. As stated, however, it is clear in the instant case that the exceptions do not apply, and coverage is therefore dictated.
Several cases have also extended coverage to owner-drivers of leased vehicles on the theory that due to various state and federal regulations which were applicable, the owner-driver was a "statutory employee" of the lessee and therefore not within the exclusion from "Persons Insured" quoted above. See, for example, Wellman, id.; Carolina Cas. Ins. Co. v. Underwriters Ins. Co., 569 F.2d 304 (5th Cir. 1978); Carolina Cas. Ins. Co. v. Insurance Co., Etc., 595 F.2d 128 (3rd Cir. 1979); Ridgway v. Gulf Life Ins. Co., 578 F.2d 1026 (5th Cir. 1978); Ryder Truck Lines v. Carolina Cas. Ins. Co., 372 N.E.2d 504 (Ind.App.1978). Though these holdings clearly appear applicable in *1304 the instant case,[4] this Court need not consider Eaton or Warren a "statutory employee" since they are covered under the plain language of the policy. There is no need in this case to read into the policy the statutes and regulations relied on in those cases.
Lumbermens argues alternatively that the Canal policy also covers the defendants in the state damage action, and that Lumbermens' policy therefore affords only excess coverage or that coverage should be shared by the insurance companies pro rata. The initial inquiry is whether the Canal policy covers Warren, Eaton and Superior. These defendants are plainly included within the definition of "persons insured" in the policy and this Court does not understand Canal to argue otherwise. The Canal policy contains the following endorsement, however:
In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that no coverage is extended to any person, firm or organization using the described automobile pursuant to any lease, contract of hire, bailment, rental agreement, or any similar contract or agreement either written or oral, expressed or implied, the terms and provisions of the Insuring Agreement III of Section A, entitled "Persons Insured" notwithstanding.
In the event the automobile described in this policy is being used or maintained pursuant to any lease, contract of hire, bailment, rental agreement or any similar contract or agreement, either written or oral, expressed or implied, the insurance afforded the named insured shall be excess insurance over any other insurance.
This endorsement limits Canal's coverage when the vehicle is under lease to excess coverage of the named insured only. Viewing this endorsement in conjunction with this Court's conclusion that the Lumbermens' policy covers Eaton, Warren and Superior, the result is that Lumbermens is the primary insurer of the defendants in the damage action,[5] with Canal providing excess coverage for Warren only.
Lumbermens seeks to escape this conclusion by arguing that the endorsement on the Canal policy violates the public policy of Missouri. This argument is premised on § 303.190 R.S.Mo. (1969), which states in pertinent part,
1. A "motor vehicle liability policy" as said term is used in this chapter shall mean an owner's or an operator's policy of liability insurance, certified as provided in section 303.170 or section 303.180 as proof of financial responsibility ...
2. Such owner's policy of liability insurance:
. . . . .
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles ... (emphasis added)
Lumbermens argues that Canal was required, under this statute, to insure the rig when it was under lease. This Court can not agree.
The above provision is inapplicable unless a motorist is required to provide *1305 proof of financial responsibility. Perkins v. Perkins, 284 S.W.2d 603 (Mo.App.1955); Empire Fire and Marine Insurance Co. v. Brake, 472 S.W.2d 18 (Mo.App.1971). Absent certification, an endorsement which excludes coverage of a person using the insured vehicle with the named insured's permission is valid. Brake, id.; Perkins, supra. In the instant case, there is no evidence that the policy was certified as proof of financial responsibility pursuant to § 303.190.
The argument now pressed by Lumbermens was rejected in Transport Indem. Co. v. Teter, 575 S.W.2d 780 (Mo.App.1978). The issue presented in that case was whether the driver of a leased vehicle was covered under the automobile liability policy issued to the lessee. The policy excluded the driver. The driver argued, however, that the provisions of the Iowa Financial Responsibility Law should be imputed into the policy to extend coverage to the driver, since he was driving the insured vehicle with the express permission of the named insured. The Iowa statute was substantially identical to the above-quoted provisions of the Missouri law.
The Court there held that, since the policy in question was never required to be certified as proof of financial responsibility, the statutory provisions were inapplicable to the policy in issue. The statute was not considered a requirement of compulsory motor vehicle liability insurance and "impose[d] no requirement for omnibus coverage in the absence of an official order for deposit for security for injury already done." Id. at 787. As has been stated, there has been no such official order in this case, and the exclusion is therefore valid. Absent a violation of public policy or statutory requirements, an endorsement limiting coverage is valid. Miller v. Silvey Companies, 473 F.Supp. 224 (E.D.Mo.), aff'd 610 F.2d 565 (8th Cir. 1979); M.F.A. Mutual Insurance Company v. Dunlap, 525 S.W.2d 766 (Mo.App.1975); Hardware Mutual Casualty Company v. Bearden, 528 S.W.2d 754 (Mo.banc 1975); Adams v. Manchester Insurance and Indemnity Company, 385 S.W.2d 359 (Mo.App.1964).
This Court therefore concludes that Lumbermens must provide primary liability insurance coverage for the defendants in the damage action and Canal must provide excess coverage for Warren only.
NOTES
[1] As will be demonstrated infra, jurisdiction is properly asserted under this section as the parties are citizens of different states and the amount in controversy exceeds ten thousand dollars.
[2] Though Warren disputes Canal's assertion as to the contents of the policy issued to him in his pleadings and in his deposition, this point has not been raised in any post-trial submissions. This Court therefore concludes that Warren accepts Canal's assertion that an endorsement pertaining to the exclusion of leased vehicles was part of the policy.
[3] The Canal policy defines "persons insured" in the same manner.
[4] Lumbermens argues that these cases are not applicable because there is no evidence that Superior was licensed by the Interstate Commerce Commission, a significant factor in the cited cases. Though the evidence was scant on this point, this Court would note that the lease between Warren and Superior specifically states that Superior is engaged in the transportation of property for hire in Interstate Commerce pursuant to authority granted by the Interstate Commerce Commission. The lease also contains provisions mandated by ICC regulations and the insurance policy issued by Lumbermens contains an ICC mandated endorsement.
[5] Lumbermens argues that its policy limits coverage of hired vehicles to excess coverage only. Though the basic policy may do so, the "Truckmen-Hired Automobiles" endorsement modifies the policy such that it provides primary insurance to hired vehicles except in limited circumstances not present here.