**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Plaintiff-Respondent,**

v.

**Christa WEBER, Bobby Joe Hunsel, Tracy Woodward, Gary Alan Weaver, Johnna Weaver, Don Treece Chevrolet, Inc., Defendants,**

**Tracy Woodward, Gary Alan Weaver, Johnna Weaver and Farmer's Insurance Company, Appeal of.**

Nos. 14084, 14099.

Missouri Court of Appeals, Southern District, Division Three.

Nov. 22, 1985.

Motion for Rehearing and to Transfer Denied Dec. 13, 1985.

Application to Transfer Denied Jan. 15, 1986.

Daniel J. McMichael, Suelthaus, Kaplan, Cunningham, Yates, Fitzsimmons &

Wright, Clayton, for appellant Farmer's Ins. Co.

Martin Mazzei, Steelville, for appellants Woodward and Weaver.

William L. Davis, Dana D. Eilers, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for plaintiff-respondent.

MAUS, Judge.

This is a declaratory judgment action to determine the status of the parties under a multi-coverage policy issued by the plaintiff, Universal Underwriters Insurance Company (Universal). The named insured is Don Treece Chevrolet, Inc., (Treece) an automobile sales agency. The trial court declared that in respect to the accident in question, the policy afforded liability insurance coverage only to the named insured. A prospective purchaser, entrusted with an automobile, and her permittee were declared to have no coverage. Two injured parties and an intervening insurance company appeal. A sketch of the facts follows.

Treece owned and operated an automobile sales agency in Cuba, Missouri. On July 19, 1983, Christa Weber and Bobby Joe Hunsel went to the Treece used car lot. Weber expressed an interest in buying a 1975 Ford Mustang. She was permitted to take the Mustang for a test drive. After she drove from the lot, Hunsel started driving the Mustang. Tracy Woodward and Vincent Knight became passengers in the Mustang. While Hunsel was driving, the Mustang collided with a pick-up truck driven by Gary Alan Weaver.

To recover damages resulting from the accident, Weaver and his wife brought an action against Treece and Weber. For the same purpose, they brought a separate action against Hunsel. Also for the same purpose, Tracy Woodward brought an action against Treece and Weber. She too brought a separate action against Hunsel.

At the time of the accident, there was in force a "Unicover Policy" insurance policy issued by Universal in which Treece was the named insured. The entire printed policy form consists of 66 pages. That form

contains provisions for many types of coverage and for various endorsements whereby a coverage may be altered or amended. As stated, the trial court found "there is no insurance coverage under Insurance Policy 481863F applicable and available to any of the defendants herein for the automobile accident of July 19, 1983, and all of its consequential ligigation [sic] except coverage for Don Treece Chevrolet, Inc., for the claim of negligent entrustment of an automobile to defendant Christa Weber."

The appellants' first point is that Weber and Hunsel were insureds under "Part 500, Auto Hazards" of the policy. The Mustang was an insured automobile within the terms of the auto hazard insurance. That insurance did provide liability insurance to an insured as defined by the terms of the auto hazard insurance section. Under the terms of that section, an insured is defined as:

1. YOU;

2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;

3. *Any other person* or organization *required by law to be an INSURED* while using an AUTO covered by this Coverage Part within the scope of YOUR permission. (Emphasis added).

The appellants contend "[u]nder the law of the State of Missouri, Defendants Hunsel and Weber were required to be insured as permissive users and therefore, the Court's declaration that there was no coverage for them was an erroneous declaration of the law." To support that contention, the appellants cite and rely upon a portion of a section of the Motor Vehicle Safety Responsibility Law, Chapter 303, RSMo 1978. The portion cited provides:

2. Such owner's policy of liability insurance:

. . . .

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle. . . .

§ 303.190.2(2), RSMo Supp.1984. No other statute or regulation will be considered.

The appellants failed to cite the controlling portion of § 303.190. That portion reads: "A 'motor vehicle liability policy' as said term is used in this chapter shall mean an owner's or an operator's policy of liability insurance, *certified as provided in section 303.170 or section 303.180* as proof of financial responsibility, . . . ." § 303.190.1, RSMo Supp.1984. (Emphasis added).

The decisive question is whether or not § 303.190.2(2) is a law that required Weber and Hunsel to be insureds under the Unicover Policy issued by Universal. Or, stated another way, is that section applicable to that policy? That policy had not been certified as proof of financial responsibility as provided in § 303.190.1.

Soon after its enactment, it was argued that § 303.190.2(2) was applicable to the omnibus coverage of an automobile liability insurance policy and invalidated an exclusion from that coverage. That policy provided that "[w]hen certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable, to the extent of the coverage and limits required thereby. . . ." *State Farm Mutual Automobile Insurance Co. v. Ward*, 340 S.W.2d 635, 638 (Mo.1960). The policy had not been certified. In determining the exclusion to be valid, the court held that under the Act the policy provision contained in § 303.190.2 "did not become effective until the policy had actually been certified as proof of financial responsibility under the Act." Id. at 638. The court added, "we do not think

it is reasonable to conclude that the requirement of said section that 'certified' policies insure against 'liability imposed by law' would constitute a pronouncement of a public policy of this state that *all* liability policies issued to residents of this state should so insure." Id. at 638–639.

Another court considering a similar statute distinguished an act providing for compulsory insurance from a financial responsibility act using the following language.

By limiting the application of the Financial Responsibility Act to a certain class of persons, in our view the legislature made a conscious choice to subject the specific insuring provisions contained therein only to that class of persons. In other words, insurance companies and their clients are free to contract at arm's length without regard to provisions contained in the New Mexico Financial Responsibility Act, so long as it does not apply to them and no other express public policy considerations are involved.

*Farmers Alliance Mut. Ins. Co. v. Bakke,* 619 F.2d 885, 889–890 (10th Cir.1980). The cases are categorized in *Farmers Alliance.* Also see 7A Am.Jur.2d Automobile Insurance § 418 (1980) and Annot., Liability Insurance—First Accident, 8 A.L.R.3d 388 (1966). The courts of this state have consistently held that § 303.190 is not applicable to a policy that has not been certified. *Transport Indem. Co. v. Teter,* 575 S.W.2d 780 (Mo.App.1978); *American Standard Insurance Co. of Wis. v. Rider,* 475 S.W.2d 418 (Mo.App.1971); *Empire Fire and Marine Insurance Co. v. Brake,* 472 S.W.2d 18 (Mo.App.1971). Also see *Canal Ins. Co. v. Warren,* 496 F.Supp. 1301 (E.D.Mo. 1980). *Winterton v. Van Zandt,* 351 S.W.2d 696 (Mo.1961) and *Weathers v. Royal Indem. Co.,* 577 S.W.2d 623 (Mo. banc 1979), cited by appellants, considered that section in construing ambiguous language of a policy, but do not hold contrary to *State Farm Mutual Automobile Insurance Co. v. Ward,* supra.

The appellants rely upon *Allstate Ins. Co. v. Sullivan,* 643 S.W.2d 21 (Mo.App. 1982). In that case the court noted, "All-state's policy here was by its express language issued to comply with the Safety Responsibility Law." Id. at 23. In construing that language the court held the policy in question had to be construed to comply with the Motor Vehicle Safety Responsibility Law even though the policy had not been certified as provided in that law. The court also added, "[a]ny policy providing less protection is contrary to the public policy of this state." Id. at 23. *Allstate* did not cite or refer to *State Farm Mutual Automobile Insurance Co. v. Ward,* supra. The holding of *Allstate* is not consistently followed. Annot., Liability Insurance—First Accident, 8 A.L.R.3d 388, supra. In any event, *Allstate* is not applicable to the language of the policy in question.

In the sense of social desirability, it is the public policy of this state to foster liability coverage for persons operating motor vehicles. *Adams v. Covenant Security Insurance Company,* 465 S.W.2d 32 (Mo. App.1971). But, this is not the equivalent of a specific statute defining the extent of liability insurance coverage "required by law." *State Farm Mutual Automobile Insurance v. Ward Co.,* supra. "Any other person or organization required by law to be an INSURED" is not an ambiguous phrase. That phrase does provide coverage under a compulsory insurance law. *Bill Atkin Volkswagen, Inc. v. McClafferty,* 689 P.2d 1237 (Mont.1984). It is the duty of this court to construe and apply the omnibus clause as written. *Madison Block Pharmacy v. U.S. Fidelity,* 620 S.W.2d 343 (Mo. banc 1981). Section 303.190.2(2) did not require Weber and Hunsel to be insureds under the auto hazard insurance.

■ By their second point the appellants contend the trial court erred in not finding that Universal insured Weber and Hunsel against liability under "Part 900, Basic Auto Insurance." As noted, the printed policy form contains provisions for many types of coverage and various endorsements whereby coverage may be altered or amended.

**592**

Part 900, Basic Auto Insurance provides coverage in respect to an "owned auto" or a "temporary substitute auto." An owned auto is defined "an AUTO YOU own or LEASE and is scheduled in the declarations, and any AUTO YOU purchase or LEASE as its replacement...." The uncontradicted testimony was to the effect that there were no vehicles scheduled in the declaration of the policy under Part 900. Nor did Treece insure all autos he owned with Universal so as to cause the Mustang to be covered as an additional auto. The Mustang was not an automobile covered by Basic Auto Insurance.

Further, an examination of the policy demonstrates the provisions of Part 900, Basic Auto Insurance, could be utilized for an insured to elect only the coverage provided by an endorsement to the policy incorporating the language of Part 900, Basic Auto Insurance. The declarations to the policy in question established the only coverage provided under Part 900, Basic Auto Insurance, is that extended by endorsement No. 039, "Daily Rental Auto." By such reference in the declarations, no other coverage was provided by Part 900, Basic Auto Insurance. Compare *Koo v. Parker*, 295 So.2d 463 (La.App.1974). Under endorsement No. 039, Daily Rental Auto, an owned automobile is defined as "an AUTO YOU own while under a RENTAL AGREEMENT." All evidence established the Mustang was not an owned auto within the meaning of that definition. The judgment of the trial court is affirmed.

PREWITT, C.J., CROW, P.J., and FLANIGAN, J., concur.