FARMERS INSURANCE COMPANY, INC.,
Plaintiff–Respondent/Cross–Appellant,

v.

The HERTZ CORPORATION,
Defendant–Appellant/Cross–Respondent,

and

John P. Anderson, Gregory Heggs, Yolanda Deshay, and Carolyn and Robert Richmond, Defendants–Respondents/Cross–Respondents.

No. 55021.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 10, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1990.

George F. Kosta, Darlene V. Kuhlman, St. Louis, for defendant-appellant/cross-respondent.

Robert E. Staed, Jr., Kenneth H. Graeber, John B. Schwabe, B. Michael Korte, St. Louis, for plaintiff-respondent/cross-appellant.

GRIMM, Presiding Judge.

In this declaratory judgment action, defendant The Hertz Corporation appeals, and plaintiff Farmers Insurance Company cross-appeals, from the trial court's judgment. We reverse in part, affirm in part, and remand.

Hertz's primary point is that the trial court erroneously concluded that its automobile rental agreement extended liability coverage to defendant John P. Anderson. We agree, because Hertz had no liability insurance policy on the car containing an express omnibus clause; the rental agreement did not contain an express omnibus clause; and § 303.190, RSMo 1986, was inapplicable.

Although Farmers' brief in its cross-appeal contains two points relied on, only one allegation of error is, in effect, raised. Farmers alleges that the trial court erred in requiring it to defend John P. Anderson in the underlying suit for damages. We disagree, because John was an insured under Farmers' policy.

On April 25, 1985, John's mother, Florence Anderson, rented a car from Hertz. On the front of the rental agreement, immediately above Mrs. Anderson's signature, is this provision:

> Vehicle shall NOT be operated by any person except Customer and following Authorized Operators who must be validly licensed to drive and have Customer's prior permission: persons 21 or over who are members of Customer's immediate family and permanently reside in Customer's household; employer, partner, executive officer, or regular employee of Customer; additional authorized operator(s) approved by Lessor in writing.

Mrs. Anderson later permitted nineteen-year old John to drive the rental car.

While John was driving, he was involved in a one-car accident. John's passengers filed suit against John and Hertz seeking damages for injuries allegedly sustained in the accident.

When the rental agreement was executed, Hertz was a self-insurer under § 303.220, RSMo 1986. The following provision is printed on the back of the rental agreement:

9. *LIABILITY COVERAGE*

Lessor provides liability coverage for Customer and any Authorized Operator(s), in accordance with standard provisions of a basic automobile liability insurance policy as required in jurisdiction in which Vehicle is operated, against liability for bodily injury including death (limits $100,000 each person, $300,000 each accident) and property damage (limit $25,000) arising from use or operation of Vehicle as permitted by this Agreement.

At the time of John's accident, an automobile insurance policy, issued by Farmers to John's father, was in effect. That policy provided Farmers would "pay damages for which any insured person is legally liable ... arising out of the ... use of a private passenger car."

Apparently, Hertz refused to defend John in the underlying suit. Farmers then filed a declaratory judgment action. It sought a determination of Farmers' obligations, if any, to defend John and pay any judgment arising from the underlying suit against him.

In his answer, John included a petition for declaratory judgment against Farmers and Hertz. The petition requested a declaration that Farmers and Hertz were obligated to defend him and pay any judgment in the underlying suit. John also requested attorney's fees and costs incurred in defending Farmers' declaratory judgment.

Following a hearing, the trial court entered findings of fact, conclusions of law, and judgment on Farmers' and John's claims. Hertz was ordered to provide John primary liability coverage to the limits set forth in the rental agreement. Hertz was also ordered to pay John's attorney's fees and expenses in defending the declaratory judgment action.

The trial court found John to be an "insured person" under his father's insurance policy. Accordingly, Farmers was ordered to provide John a defense, at its expense, in the underlying suit. Farmers was also required to provide John excess liability coverage to the policy limits.

■ In reviewing this declaratory judgment action, we apply the standards set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Hertz alleges the trial court erroneously concluded that the rental agreement extended liability coverage to John. We agree.

The trial court focused on the language of the agreement's "Liability Coverage" section which provided "liability coverage for Customer and any Authorized Operator(s), *in accordance with standard provisions of a basic automobile liability insurance policy as required in jurisdiction in which Vehicle is operated, ....*" (Emphasis added). The trial court found that this language incorporated by reference the statutory omnibus clause of § 303.190.2(2), RSMo 1986.

Under § 303.190.2(2), a "motor vehicle liability policy" must

... insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada,....

Section 303.190.2(2), however, applies only to liability insurance policies which have been certified as proof of financial responsibility under § 303.170 or § 303.180, RSMo 1986. Section 303.190.1; *Universal Underwriters Ins. Co. v. Weber,* 701 S.W.2d 588, 591 (Mo.App.S.D.1985); *see State Farm Mut. Auto. Ins. Co. v. Ward,* 340 S.W.2d 635, 638 (Mo.Div. 1 1960). Nothing in the record indicates that the liability coverage referred to in the rental agree-

ment was certified as proof of Hertz's or Mrs. Anderson's financial responsibility. *See State Farm* at 638.

In 1985, when Mrs. Anderson signed this agreement, there was no requirement that all owners or operators of motor vehicles maintain proof of financial responsibility. The requirement to furnish proof in 1985 was imposed only after the occurrence of a specific event. §§ 303.090—303.110, RSMo 1986 (failure to satisfy a § 303.020(3), RSMo 1986 judgment); § 303.150, RSMo 1986 (suspension or revocation of license or vehicle registration; conviction of certain traffic offenses; forfeiture of bail); *Gabler v. Continental Casualty Co.*, 295 S.W.2d 194, 196–197 (Mo.App.E.D.1956). Here, there was no evidence that either Hertz or Mrs. Anderson was required to furnish proof of financial responsibility. *See Gabler* at 196–197.

In support of the trial court's conclusion, respondents argue that under § 303.160.1(4), RSMo 1986, Hertz's liability coverage must comply with § 303.190.2(2). That argument fails, however, since § 303.160.1(4) applies only to certificates of self-insurance filed as proof of financial responsibility, when such proof is required under Chapter 303. § 303.160.1. Again, we reiterate that there was no evidence here that proof of financial responsibility was required.

We note that the trial court relied on *Weathers v. Royal Indem. Co.*, 577 S.W.2d 623 (Mo. banc 1979), *Royal Indem. Co. v. Shull*, 665 S.W.2d 345 (Mo. banc 1984), and *Allstate Ins. Co. v. Sullivan*, 643 S.W.2d 21 (Mo.App.E.D.1982). Those cases are inapplicable to the issue of liability coverage under the present rental agreement.

In *Weathers* and *Shull*, § 303.190.2(2) was used to construe an express omnibus clause in the insurance policy; here, we do not have an insurance policy and no express omnibus clause appears in the rental agreement. *Weathers, supra* at 626; *Shull, supra* at 347. The *Allstate* court

extended coverage pursuant to § 303.190.2(2), where the policy contained an omnibus clause and "was by its express language issued to comply with the Safety Responsibility Law." *Allstate, supra* at 22–23.[1] *But cf. Weber, supra* at 591. Again, no express omnibus clause appears in Hertz's rental agreement.

Thus, we find the trial court erred in concluding that the rental agreement extended liability coverage to John. Accordingly, we reverse that part of the judgment which ordered Hertz to provide primary liability coverage. In addition, we also reverse that part of the judgment which ordered Hertz to pay John's attorney's fees and expenses in defending the declaratory judgment action. We remand for further proceedings to determine whether Farmers must pay those fees and expenses.

■ We now turn to the question of whether John was covered by Farmers' policy. Farmers' policy provides in part that "it will pay damages for which any insured person is legally liable ... arising out of the ... use of a private passenger car...." It further provides that it will defend any claim or suit asking for such damages.

The policy defines (1) "insured person" as the named insured and "any family member," and (2) "family member" as a person related to the named insured "by blood ... who is a resident of [the named insured's] household." An "insured person," excludes, however, "[a]ny person who uses a vehicle without having sufficient reason to believe that the use is with the permission of the owner." The trial court found John to be an insured person under Farmers' policy. We agree.

Hertz's actual express permission for John to use the car was not required under Farmers' policy. The issue, rather, is whether John had "sufficient reason to believe" his use of the rental car was with Hertz's permission.[2]

---

1. "[Allstate] cannot be considered authoritative beyond the context in which it was decided." *American Family Mut. Ins. Co. v. Ward*, 789 S.W.2d 791, 795 (Mo. banc 1990).

2. We note that our Supreme Court has recognized a distinction between "use" and "operation." *Weathers, supra* at 627; *Shull, supra* at 347. We need not apply that distinction to the

The record supports the trial court's finding that there was no evidence John knew of the rental agreement's terms. John was not present at the Hertz rental counter when his mother rented the car. He did not read the agreement's provisions prohibiting his operation of the car.

Under the facts presented, John would have been reasonable in believing that Hertz had put possession in Mrs. Anderson "with such freedom of action available to [her] in its use that if [she] gave permission to use the car it would be tantamount to the owner giving permission." *U.S. Fidelity & Guar. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809, 817 (Mo. banc 1975).

John had sufficient reason to believe he had Hertz's permission to use the car. Further, neither Farmers or Hertz presented any evidence that John had used the "vehicle without having sufficient reason to believe" that his use was with Hertz's permission. Therefore, John was an insured under Farmers' policy. Consequently, Farmers must provide John liability coverage to the limits of the policy.

In its cross-appeal, Farmers' sole contention is that the trial court erred in requiring it to defend John. That contention, however, was based on the trial court's finding that Hertz had primary liability coverage. We hold, however, that Hertz did not provide liability coverage to John; and John was an insured person under Farmers' policy. Thus, it is clear that Farmers owes a defense to John in the underlying suit for damages. Farmers' point is denied. That part of the judgment ordering Farmers to defend John is affirmed.

The judgment is reversed in part, affirmed in part, and remanded.[3]

KAROHL and GARY M. GAERTNER, JJ., concur.

present case, since the policy does not require actual express permission to use the car.

3. Respondents Heggs, Deshay, and the Richmonds, as well as Farmers, filed motions for damages against Hertz for a frivolous appeal. The motions are denied.