**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff/Respondent,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendent/Respondent,**

and

**Diana Marie Duessel, Defendant/Appellant.**

No. 65531.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 23, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1994.

Joan M. Tanner, Gray & Ritter, P.C., St. Louis, for appellant.

Jeffrey L. Cramer, T. Michael Ward, Brown & James, P.C., Samuel T. Vandover, Godfrey, Vandover & Burns, Inc., St. Louis, for respondent.

SMITH, Presiding Judge.

Diana Duessel appeals from the declaratory judgment of the trial court that an insurance policy issued by Liberty Mutual Insurance Company did not cover Daniel Richard's use of a rental car owned by Don Darr Ford Mazda which use resulted in an accident and injury to Duessel. She also appeals from the trial court's declaratory judgment that a State Farm Mutual policy covering vehicles of the Ehrenreich's, Richard's aunt and uncle, did not cover the accident in the Ford Mazda which the Ehrenreichs had rented from Don Darr. We reverse the judgment in favor of Liberty Mutual and affirm the judgment in favor of State Farm.

The case was tried on a stipulation of facts. Richard came to St. Louis on a leave from the Navy to visit some friends and the Ehrenreichs. At the time the Ehrenreichs owned three motor vehicles, one of which was in a shop to have its engine replaced. The Ehrenreichs went to Don Darr to lease an automobile. Mrs. Ehrenreich had called ahead to make arrangements and had advised the person she talked to that she required a medium size car because she might be transporting clients in the course of her employment as a real estate agent. She was asked if she had any teenage children at home and advised the other party that she did not. Richard accompanied the Ehrenreichs to the car leasing office but did not hear any of the conversation between the Ehrenreichs and the employee of Don Darr. The only testimony concerning that conversation came from the deposition of Mrs. Ehrenreich. Her husband had died two years before the deposition and no testimony of the Don Darr employee was adduced.

Mrs. Ehrenreich testified that the employee did not say anything to her about liability insurance, did not tell her that persons under twenty-one could not drive the automobile, or advise her of any restrictions on who could drive the car. She was asked who would be driving the car and she replied "me and my husband". In subsequent testimony she stated that she was not asked who would be driving but only the previously referenced question concerning teenage children. She had no recollection of being asked to read the rental agreement, particularly the back of it and she did not read it. The car she rented from Don Darr was a Tempo.

Several days later Mrs. Ehrenreich drove the Tempo to a house for sale where she was holding an open house. Her son and Richard were using her personal vehicle. She real-

ized that certain real estate signs were in her personal vehicle and she left a note for the young men to bring it to the location of the open house. They did. For a combination of reasons she and the young men switched vehicles. Richard had permission of Mrs. Ehrenreich to drive the Tempo. Richard used the Tempo to go to a picnic. He and Diana Duessel left the picnic site to go to a service station nearby to get soft drinks. During that trip the Tempo became involved in an automobile accident with another car and Duessel was seriously and permanently injured.

Duessel brought suit against Richard and the driver of the other car. State Farm was the insurer under a separate policy covering Richard on which no dispute of coverage exists. Duessel, Richard, and State Farm entered into an agreement whereby a consent judgment of $500,000 would be entered against Richard. Duessel agreed to satisfy the judgment solely from any insurance proceeds available. State Farm agreed to pay her $25,000 under its policy covering Richard. The court approved the agreement and the judgment was entered. State Farm had previously filed this declaratory judgment action. It sought to determine whether it was required to assume the defense of Richard and pay any judgment against him under an automobile insurance policy covering the Ehrenreichs and whether Liberty Mutual was required to defend and satisfy any judgment against Richard under its liability policy covering Don Darr. Following the trial court's judgment that neither policy covered Richard, Duessel appealed.

We begin with the Liberty Mutual policy. An Amendatory Endorsement of that policy provides:

"The insurance provided by this policy for the lessee, rentee, its servants, agents, or employees or those using the automobile with or without the permission of the lessee or rentee or persons alleged to be legally responsible for the use of the automobile is subject to the terms, including any limit of liability, conditions, restrictions, and limitations contained in the lease or rental agreement, providing our under-

taking under this policy is not enlarged or extended."

The rental agreement Page 1 (the reverse side of the portion of the rental agreement containing the handwritten material and signatures) sets forth the following restrictions:

"Licensee hereby rents to the Customer identified on Page 2, the Vehicle described, subject to all the terms and provisions of this Agreement.

1. **Drivers.** In no event shall the vehicle be used, operated or driven by any person other than the Customer or qualified licensed drivers at least 21 years of age who have Customer's advance permission to use the vehicle and whose names appear on Page 2 hereof.

2. **Prohibited Use.** This Vehicle shall NOT be used: ...

4) by any person not specified in Paragraph 1 above....

5. **Vehicle Insurance.** Licensee provides liability insurance coverage for persons using the vehicle with the permission of the Licensee as provided for in Paragraph 1 hereof (and not otherwise) ... LICENSEE'S POLICY SHALL NOT APPLY: ... (3) to any liability of Customer or any other driver ... arising while the Vehicle is being used in violation of the terms and provisions of this agreement; ..."

On page 2 there appears a statement "only the below named persons are authorized as additional drivers." Only the name of Mr. Ehrenreich appears in that space. Mrs. Ehrenreich is shown as the rentee.

■ On appeal from a court-tried case based on stipulated facts the only question on review is whether the trial court drew the proper legal conclusions from the facts stipulated. *Schroeder v. Horack*, 592 S.W.2d 742 (Mo. banc 1979) [1].

■ Liberty Mutual's policy contains an omnibus coverage clause in compliance with § 303.190.2(2) RSMo 1986 of the Motor Vehicle Financial Responsibility Law. That statute requires every auto liability policy issued to comply with that law to protect not only the named insured but "any other person ...

using any such motor vehicle ... with the express or implied permission of such named insured." The appellate courts of this state, in addressing the requirements of the omnibus clause, have consistently drawn the distinction between "use" of a vehicle and its "operation". "[T]he omnibus clause speaks broadly to the *use* of the automobile, not narrowly to its *operation.*" *Weathers v. Royal Indemnity Co.*, 577 S.W.2d 623 (Mo. banc 1979) l.c.625. (Emphasis in the original). The omnibus clause is included in the policy to extend not to restrict coverage. *Id.* at [1, 2]. Rental of an automobile is for a broad, almost unfettered, use. *Id.* at [3]. "Use" involves employment of the vehicle for some purpose or object of the user. "Operation" on the other hand involves the driver's direction and control of its mechanism for the purpose of propelling it as a vehicle. *Id.* at [3]. Restrictions on who may drive the vehicle involve operation not use of the vehicle. *Id.* at [3]; *Royal Indemnity Company v. Shull*, 665 S.W.2d 345 (Mo. banc 1984). Under those cases the "use" made of the vehicle by Richard was within the broad almost unfettered, use permitted by the rental agreement. That his "operation" of the vehicle was beyond that authorized by the agreement does not defeat the coverage mandated by the statute.

The rental agreement here attempts to convert what the courts have determined is "operation" into "use". A person can use a vehicle which he is not operating, *Shull, supra*, l.c.347, as for instance by riding in it or having another run an errand with it. The rental agreement here prohibits any "use" of the vehicle by anyone other than the Ehrenreichs, the only persons listed on page 2. It is patently absurd that the vehicle was rented but the persons renting it were precluded from allowing anyone to ride in it. This is particularly true in view of Mrs. Ehrenreich's request that the car be mid-sized because she might be transporting clients in it. The rental agency cannot convert the requirements of the statute that the omnibus clause provide coverage for persons using the vehicle into a nullity by language in the rental agreement defining that which the courts have determined is "operation" to be "use".

Liberty Mutual relies heavily on *Farmers Insurance Company, Inc. v. Hertz Corporation*, 793 S.W.2d 178 (Mo.App.1990). That case involved an accident which occurred prior to the enactment of § 303.025 RSMo 1993 Supp. which enacted a mandatory financial responsibility law in place of the previous voluntary program. In finding that Hertz did not provide liability coverage to the driver of the vehicle this court emphasized that no proof of financial responsibility was required under the law at that time, that no insurance policy was involved and that the rental agreement did not contain an omnibus clause. Those three considerations were the basis for the court distinguishing *Weathers, supra, Royal Indemnity, supra*, and *Allstate Ins. Co. v. Sullivan*, 643 S.W.2d 21 (Mo.App. 1982). Under the law as it exists since the effective date of § 303.025 RSMo 1993 Supp. (July 1, 1987) there is a mandatory financial responsibility law. *See American Standard Insurance Company of Wisconsin v. Dolphin*, 801 S.W.2d 413 (Mo.App.1990) l.c.415. Further in this case there is an insurance policy which contains an omnibus clause. This case is distinguishable from *Farmers Ins. Co., supra*, and is controlled by *Weathers* and *Royal Indemnity*. If anything the enactment of § 303.025 gives added support to the firmness of the public policy of this state discussed in those two cases.

■ We also note the language of *Royal Indemnity* suggesting that "an automobile leasing company which effectively tenders its lessee complete dominion over the car during the term of the lease has a special duty to make clear the circumstances under which insurance coverage is not furnished." [2] The record does not suggest that the lessor called to the lessee's attention the consequences of permitting Richard, or anyone else for that matter, to drive the vehicle.[1]

■ We turn to the State Farm policy covering the Ehrenreichs. It provides liability coverage for "temporary substitute and

---

1. For the reasons stated in footnote 3 of *Allstate Ins. Co. v. Sullivan, supra*, we reject Liberty Mutual's contention that its liability should be limited to the amount prescribed by the financial responsibility law.

nonowned cars". The coverage does not apply "if the vehicle is owned by any person or organization in a car business; and ... if the insured or the owner has other liability coverage which applies in whole or in part as primary, excess or contingent coverage." The owner of the leased car, Don Darr, meets the policy definition of "car business" and in view of our holding concerning Liberty Mutual's liability policy covering Richard the owner has liability coverage which "applies in whole or in part as primary ... coverage". The provision is unambiguous and applicable. The trial court correctly found no coverage provided to Richard pursuant to the State Farm policy covering the Ehrenreichs.

Judgment in favor of Liberty Mutual is reversed and cause remanded for the entry of a judgment consistent with this opinion; judgment in favor of State Farm is affirmed.

PUDLOWSKI and WHITE, JJ., concur.