Billy W. HAY and Carol Hay, his wife, Plaintiffs–Appellants

v.

Jack S. KOHL, et al., Defendants–Respondents.

No. 19772.

Missouri Court of Appeals, Southern District, Division Two.

April 18, 1995.

Thomas David Swindle, Swindle & Nunnery, Doniphan, for appellants.

Keith D. Sorrell, Spain, Merrell & Miller, Poplar Bluff, for respondents.

PARRISH, Judge.

Billy W. Hay and Carol Hay, husband and wife (plaintiffs), appeal a judgment quieting title to certain real estate in Ripley County, Missouri. The trial court determined that Elmer D. Sullivan and Georgette Tremaine were owners, as tenants in common, of the real estate in question. This court affirms.

The real estate that is the subject of this appeal (the disputed tract) is located in Ripley County, Missouri, and is described as follows:

All that part of the East Half of the Northeast Quarter of Section 14, Township 23 North, Range 1 West of the Fifth Principal Meridian described as follows:

Commence at the Intersection of the East line of the West Half of the Northwest

Quarter of Section 13, Township 23 North, Range 1 West, and the Centerline of U.S. Highway 160 and run thence Westerly along the Centerline of U.S. Highway 160 1419.7 feet, more or less, to a point opposite an established fence corner; run thence North 18 degrees 04' West to the fence corner; continue North 18 degrees 04' West along the fence 776.7 feet to an iron pin for a point of beginning; run thence North 88 degrees 51' East to the Section line between Sections 13 and 14; run thence North along the Section line to the Northeast corner of Section 14; thence West along the Section line 648.9 feet, run thence South 18 degrees 04' East 1153.5 feet to the iron pin established as the point of beginning.

### Elmer D. Sullivan's and Georgette Tremaine's Claim

Elmer D. Sullivan and Georgette Tremaine claim title to the disputed tract by virtue of a quitclaim deed in which they are grantees and Catherine M. Kohl, "surviving spouse of Jack Kohl", is grantor. The quitclaim deed recites that Jack Kohl died July 16, 1987; that he and Catherine M. Kohl were married at the time of his death, never having been divorced. It is dated September 26, 1991. It was recorded the same date.

Mr. and Mrs. Kohl owned other real estate that adjoined the disputed tract on its westerly side. The disputed tract was conveyed to them by quitclaim deed dated December 13, 1984, recorded December 14, 1984. Clarence A. Hay and Pearl Hay, his wife, (sometimes referred to in this opinion as the Hays and sometimes as Mr. and Mrs. Hay) were grantors. The deed recites, "This deed is given as part of an exchange of quit claim deeds between the parties hereto for the purpose of establishing a firm common boundary between the real estate owned by the parties."

### Billy Hay's and Carol Hay's Claim

Plaintiffs claim title to the disputed tract by virtue of a quitclaim deed in which they are grantees and Robert Y. McCarthy and Anna B. McCarthy, his wife, are grantors. It is dated November 8, 1993. The deed was recorded December 16, 1993.

Clarence A. Hay and Pearl A. Hay conveyed certain real estate by warranty deed dated September 28, 1979, to Robert Y. McCarthy and Anna McCarthy, his wife. The real estate is described as "the following described Lots, Tracts or Parcels of Land, lying, being and situated in the County of Ripley and State of Missouri, to-wit:

Beginning at the N.W. Corner thence running 2000 feet East, to N.E. Corner thence running 965 feet to S.E. Corner, thence running 2000 feet West, to S.W. Corner and thence running North 965 feet to the beginning point, which is marked with an iron rod. Located in Section 13 and 14, Township 23, North, Range 1, West Containing 45 Acres, more or less. Easement for Highway 50 feet wide across East end of field."

Plaintiffs contend it included the disputed tract. The deed was recorded February 5, 1986.[1]

### Scope of Review

This case was submitted to the trial court on the basis of stipulated facts. As such, in considering the point presented by this appeal, the only question for review is whether the trial court drew correct legal conclusions from the facts that were stipulated. *State Farm Mut. Auto. Ins. Co. v. Liberty Mut. Ins. Co.*, 883 S.W.2d 530, 532

---

1. Plaintiffs do not contend that the warranty deed from the Hays to the McCarthys dated September 28, 1979, and recorded February 5, 1986, takes precedence over the quitclaim deed from the Hays to the Kohls dated December 13, 1984, and recorded December 14, 1984. The record on appeal does not disclose that Mr. or Mrs. Kohl had actual notice of the McCarthys' deed at or before the time they accepted delivery of and recorded their quitclaim deed from Mr. and Mrs. Hay. *See* §§ 442.390 and .400, RSMo 1978. *See also Harrison v. Moore*, 199 S.W. 188 (1917).

(Mo.App.1994). If there are conflicts among the facts stipulated, they will be considered as having been determined in accordance with the result reached by the trial court. *Reed v. Reberry*, 883 S.W.2d 59, 61 (Mo.App. 1994). The judgment will be affirmed if the result reached is correct on any tenable basis. *Id.*

## Issue Presented

Plaintiffs contend the trial court erred in declaring Elmer Sullivan and Georgette Tremaine owners of the disputed tract. This determination was based on a finding that the quitclaim deed from Catherine M. Kohl to Mr. Sullivan and Ms. Tremaine was a valid instrument. Plaintiffs contend that finding was erroneous; that the deed was not an effective conveyance because it was not supported by consideration and was not intended to convey title in fee to the grantees named in the deed.

In making their claim, plaintiffs rely on the rule that where a grantor has been induced to execute a deed conveying something of value for little or no consideration, equity will grant cancellation if the conveyance was the product of fraud, duress or mistake. *See City of Gainesville v. Gilliland*, 718 S.W.2d 553, 580 (Mo.App.1986). If the quitclaim deed is invalid, the later deed from Mrs. Kohl to Mr. Sullivan and Ms. Tremaine conveyed nothing. Under those circumstances, if the disputed tract is part of the real estate described in the 1979 deed from the Hays to the McCarthys, plaintiffs would prevail as owners of the disputed tract.

The Stipulation of Facts filed with the trial court includes:

Catherine Kohl would testify that she was approached by Clarence and Pearl Hay concerning a possible adverse possession claim by the Kohls against portions of the "Sullivan Tract." [2] Those claims were compromised by the exchange of Quit Claim Deeds between the Kohls and the Hays. Defendants' Exhibit "P" [a copy of the quitclaim deed from Clarence A. Hay and Pearl Hay, his wife, to Jack S. Kohl and Catherine M. Kohl, his wife, that describes the disputed tract] and "P–1" [a plat of the land described in Exhibit "P"] reflect the areas that the Hays released their interest to the Kohls. This Quit Claim Deed contains the "Disputed Tract." This was the first occasion that title to the "Disputed Tract" was shown in the Kohls.

In exchange, the Kohls gave up any claims to the original "Sullivan Tract" by a Quit Claim Deed. That property transaction is reflected on Defendants' Exhibits "Q" [a quitclaim deed] and "Q–1" [a plat of the land described in Exhibit "Q"].

The Quit Claim Deeds were recorded simultaneously on December 14, 1984.

The Stipulation of Facts also states that plaintiffs would testify that on two separate occasions, before and after Catherine Kohl conveyed the disputed tract of land to Elmer D. Sullivan and Georgette Tremaine, Catherine Kohl stated that she and Jack Kohl never made any claim to any lands included in the disputed tract. The stipulation further states, "Catherine Kohl would deny these statements."

Plaintiffs urge this court to hold that there was a lack of consideration or inadequate consideration for the 1984 conveyance from Clarence A. Hay and Pearl Hay to Jack S. Kohl and Catherine M. Kohl; that Mr. and Mrs. Kohl did not believe they owned any interest in the disputed tract; that the Kohls' acceptance of the quitclaim deed from the Hays, under these circumstances, amounts to "compelling circumstance[s] in addition to mere inadequacy or lack of consideration." Plaintiffs claim the foregoing is "evidence of fraud, breach of trust and disception [sic]."

The quitclaim deeds that Clarence and Pearl Hay and Jack and Catherine Kohl

---

2. The "Sullivan Tract" was a parcel of land on the easterly side of property that Jack Kohl and Catherine M. Kohl acquired in 1977. Elmer D.

Sullivan acquired the "Sullivan Tract" in 1989 from Hershel E. Austill and Ruth A. Austill. The Austills acquired the land from the Hays in 1984.

exchanged recited consideration "of TEN DOLLARS ($10.00) AND OTHER VALUABLE CONSIDERATION." It was stipulated, however, that no money was paid.[3] Regardless, absent other compelling circumstances, lack of consideration or inadequate consideration is not a sufficient reason for setting aside a deed. *Wilkie v. Elmore*, 395 S.W.2d 168, 173 (Mo.1965); *Blaise v. Ratliff*, 672 S.W.2d 683, 690 (Mo.App.1984). "Even if the consideration for a deed is inadequate, the operative effect of the deed cannot be defeated in the absence of fraud, mistake, undue influence, or some other recognized equitable ground." *Radford v. Radford*, 388 S.W.2d 33, 39 (Mo.1965).

The stipulated facts on which this case was submitted acknowledge that the Kohls and Hays exchanged quitclaim deeds in order to resolve a possible adverse possession claim by the Kohls. By exchanging quitclaim deeds the Kohls relinquished any adverse possession claim they had to property owned by the Hays and Mr. and Mrs. Hay relinquished ownership claims to the property they conveyed to Mr. and Mrs. Kohl. The quitclaim deeds defined the boundary between adjoining tracts of land. This constituted valid consideration apart from any recitation in the quitclaim deeds that money was paid. Further, the record on appeal does not reveal fraud, mistake, undue influence or any other equitable basis that would compel the deed from Mr. and Mrs. Hay to Mr. and Mrs. Kohl to the disputed tract to be set aside. The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.

---

**3.** The stipulation filed in the trial court states there was no consideration exchanged by the Kohls and Hays "except for the quit claim deeds."